[Cite as *Lineback v. Lineback*, 2017-Ohio-5673.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

PAMELA D. LINEBACK a.k.a. DONLON, :

    Plaintiff-Appellee, : CASE NO. CA2016-10-087

     : O P I N I O N
    - vs - 7/3/2017

     :

CHARLES S. LINEBACK, :

    Defendant-Appellant. :

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12 DR 35381

Barbara Howard, 120 East Fourth Street, Suite 960, Cincinnati, Ohio 45202, for plaintiff-appellee

Charles S. Lineback, 4000 Alan Shepard Street, # 201, Sacramento, CA 95834, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Charles Lineback ("Husband"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, modifying the amount of spousal support that plaintiff-appellee, Pamela Donlon ("Wife"), is required to pay Husband. For the reasons detailed below, we affirm.

{¶ 2} This case has previously been before this court. *Donlon v. Lineback*, 12th Dist.

Warren Nos. CA2016-03-015 and CA2016-03-016, 2016-Ohio-7739. Husband and Wife were divorced in 2013. As part of the divorce decree, the trial court ordered Wife to pay Husband $1,230 per month in spousal support. At the time of the divorce decree, Wife's income from investment interest and dividends was $36,948 a year.

{¶ 3} Wife's investments were funded from a large inheritance that she received. The bulk of Wife's investments were held as certificates of deposit, which accrued interest at rates as high as five percent. However, once the certificates of deposits matured, Wife was unable to find certificates of deposit that generated similar interest income. Wife then transferred the funds into a Vanguard account. It is undisputed that the Vanguard account accrued at a lesser rate of interest than she had been receiving with the former certificates of deposit. Thus, Wife accrued less investment income than she had in the past, approximately $20,739 per year.

{¶ 4} The present case relates to Wife's March 24, 2016 motion to modify spousal support. The trial court held a hearing. Husband claims that Wife chose a poor investment and is voluntarily reducing her investment income. In his brief, Husband claims that Wife "easily could have invested in Vanguard's best funds which yielded 14.69 percent or $132,459 annually." Wife claims that her reduction in income is not "voluntary," but rather the result of a conservative investment strategy, minimizing the risk of loss in value of the account's corpus. Prior to the 2008 financial crisis, Wife claimed that she was able to invest in long term certificates of deposit at an approximate interest rate of five percent. Those favorable rates on certificates of deposit no longer exist and therefore when the certificates mature, Wife has been placing her money in a conservative Vanguard account. Wife had an expert testify that her portfolio was well-balanced and a reasonable investment strategy. Though Wife could invest in stocks or other interests that could yield a higher rate of return, the expert testified that those investments would contain more risk.

{¶ 5} On September 12, 2016, the magistrate issued a written opinion finding in favor of Wife and reducing Husband's spousal support to $535.30 per month. Husband filed his objections 15 days later on September 27, 2016. That same day, the trial court adopted the magistrate's decision, noting that objections were not filed within 14 days. Husband now appeals, raising four assignments of error for review. For purposes of discussion, and because they are interrelated, we will address the assignments of error in a consolidated fashion.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY ALLOWING PLAINTIFF'S EXHIBITS NUMBERS 4 (2012), 7 (2012), 8 (2013), 9 (2014) 10 (2015 AND 20 (CHART DONLON (2013) INTO EVIDENCE AND DENYING APPELLANT'S MOTION TO OVERRULE (T.D. 123) APPELLEE'S 2ND MOTION TO REDUCE SPOUSAL SUPPORT (T.D. 121) UNDER THE DOCTRINE OF RE JUDICATA. [sic]

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED BY NOT INCLUDING INCREASE IN APPELLEE'S WAGES IN MAGISTRATE'S COMPUTATION; HE FURTHER ERRED BY MAKING A FINDING OF THAT APPELLEE'S DECREASE WAS INVOLUNTARY AND SUBSTANTIAL AND GRANTING APPELLEE'S 2ND MOTION TO REDUCE SPOUSAL SUPPORT (T.D. 121) TO 535.30 PER MONTH FROM 1,230 PER MONTH WITHOUT ANY SUPPORTING EVIDENCE FOR THE REVIEWING COURT TO CONSIDER. [sic]

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE COURT ERRED BY REFUSING TO ISSUE A "QUESTIONS OF FACT AND CONCLUSIONS OF LAW" DECISION WHEN SPECIFICALLY AND TIMELY REQUESTED BY APPELLANT.

{¶ 12} Assignment of Error No. 4:

{¶ 13} THE TRIAL COURT ERRED BY CONSISTENTLY AND REPEATEDLY DEPRIVING APPELLANT (NON-OHIO RESIDENT) OF HIS RIGHT TO DUE PROCESS UNDER ARTICLE 1, § 6 OHIO CONSTITUTION AND 14TH AMENDMENT, U.S. CONSTITUTION. UNDER THE TRIAL COURT'S POLICIES, IT HAS BEEN IMPOSSIBLE FOR AN OUT-OF-STATE LITIGANT TO RECEIVE JUSTICE ADMINISTERED WITHOUT DENIAL OR DELAY AGAINST A LOCAL RESIDENT.

{¶ 14} Husband argues that the trial court erred by modifying his spousal support. Husband's first three assignments of error challenge the admission of certain evidence, the trial court's "refusal" to issue findings of facts and conclusions of law, the decision to reduce spousal support, and judicial bias. Husband's fourth assignment of error also alleges judicial bias and an allegation that the trial court unnecessarily delayed resolution and made improper rulings in the instant action and in a prior contempt hearing. Husband summarizes his argument by stating that the trial court "erred by denying [Husband] due process and demonstrating bias against [Husband] by courtroom conduct, ignoring the civil procedure rules, ignoring the evidence rules, miscounting on calendars, using contempt proceedings as a weapon of bias, ordering so many court hearings that [Husband] was forced to fly the equivalent of around the world at great expense and the Court signing false documents."[1] We find Husband's argument to be without merit.

{¶ 15} Civ.R. 53(D)(3) governs the procedure for objecting to a magistrate's decision. "This rule requires a party to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." *Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 29. "Except for a claim of plain error, a party is prohibited from assigning as error on appeal the trial court's adoption of any finding

---

1. Husband's refence to "flying around the world" relates to the fact that he has relocated to California and must travel to Ohio for court proceedings.

or fact or legal conclusion, unless that party has objected to that finding or conclusion." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 55, citing *Chivukula v. Williams*, 12th Dist. Butler No. CA2009-07-187, 2010-Ohio-1634, ¶ 9. "It is well-established that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, pursuant to Civ.R. 53, the party is precluded from raising the issue on appeal." *Chivukula* at ¶ 9, citing *Cravens v. Cravens*, 12th Dist. Warren No. CA2008-02-033, 2009-Ohio-1733, ¶ 30.

{¶ 16} The magistrate's decision was filed on September 12, 2016. Husband did not file his objections until September 27, 2016. Therefore, Husband's objections were filed one day late. While Husband argues that the time for filing should be extended by three days under Civ.R. 6(E), the Ohio Supreme Court has held that Civ.R. 6(E) does not extend the time for filing objections to a magistrate's decision. *Duganitz v. Ohio Adult Parole Auth.*, 92 Ohio St.3d 556, 557 (2001). An objection filed even one day late is out of compliance with the rule. *Levy v. Ivie*, 10th Dist. Franklin No. 10AP-1185, 2011-Ohio-4055, ¶ 14; *Sipes v. Martini*, 1st Dist. Hamilton No. C-100025, 2010-Ohio-4598, ¶ 3.

{¶ 17} Because Husband failed to file his objections within the allotted time, his objections were not in compliance with Civ.R. 53. As a result, the trial court issued an entry adopting the magistrate's decision. Therefore, we find Husband's assignments of error are without merit, as Husband failed to timely object to the magistrate's decision and his arguments on appeal relate to the magistrate's findings of fact and conclusions of law. Pursuant to Civ.R. 53, Husband is precluded from raising these matters on appeal.

{¶ 18} We recognize that Husband has filed this appeal pro se. Nevertheless, "litigants who proceed pro se are held to the same standard as those who are represented by counsel." *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. "Pro se litigants are not to be accorded greater rights and must accept the results of their

own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 19} Nevertheless, even if Husband had complied with Civ.R. 53, his arguments would still be without merit. The trial court was permitted to modify the spousal support in the event of change of circumstances. *See* R.C. 3105.18(F). Wife presented evidence that she was no longer able to obtain the same rates of return on her investment. The trial court's decision to modify the amount of spousal support was supported by the record.

{¶ 20} Furthermore, the record fully supports a finding that Wife is not voluntarily reducing her income for purposes of modifying the spousal support award. Wife has a conservative approach in the investment of her money. This was her position prior to the divorce and is reflected in her current investment strategy. Husband does not have the right to force Wife to make riskier investments, such as the "best funds" that allegedly yield 14.69 percent. Wife's investment strategy reflects a conservative approach that allows her some investment income, while conserving the corpus of the account. The evidence would support this decision as reasonable under the facts and circumstances of this case.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.