[Cite as *Streaker v. Streaker*, 2019-Ohio-832.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| MARK STREAKER, | : | |
| Appellant, | : | CASE NO. CA2018-05-013 |
| | : | O P I N I O N |
| - vs - | | 3/11/2019 |
| | : | |
| MELISSA STREAKER, | : | |
| Appellee. | : | |


APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRA20180055


Mark Streaker, A708816, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140, appellant, pro se

Melissa Streaker, 253 Lee Lane, Corbin, Kentucky 40701, appellee, pro se


**PIPER, J.**

{¶ 1} Appellant, Mark Streaker, appeals a decision of the Madison County Court of Common Pleas, Domestic Relations Division, dismissing his divorce complaint.

{¶ 2} Streaker is currently serving a prison term in the Madison Correctional Institution. Streaker filed for divorce pro se in the Madison County Court of Common Pleas, Domestic Relations Division. The court dismissed the complaint for lack of venue, finding

that Streaker is a resident of Butler County, Ohio, rather than Madison County. Streaker now appeals the court's dismissal, raising the following assignment of error:

{¶ 3} THE TRIAL COURT ABUSED ITS DISCRETION DISMISSING THE COMPLAINT BASED ON JURISDICTION, VIOLATING THE DUE PROCESS CLAUSE OF ARTICLE I. SEC 16 OF THE OHIO CONSTITUTION.

{¶ 4} Streaker argues in his single assignment of error that, because he is currently in Madison County, the trial court erred by dismissing his divorce complaint for lack of jurisdiction. Streaker bases his assignment of error on the trial court's dismissal for lack of jurisdiction even though the trial court did not dismiss his complaint for that reason. Instead, the trial court determined that venue in Madison County was improper.

{¶ 5} The record clearly indicates that the trial court dismissed Streaker's complaint for lack of venue and made no finding it lacked jurisdiction. However, Streaker did not assign as error that the trial court erred for dismissing his complaint for lack of venue. Streaker raised no arguments in his brief related to the trial court's actual judgment.

{¶ 6} Ohio law is well-settled that an appellant on appeal must provide legal arguments and citations to both legal authority and the record sub judice that substantiate the alleged error. *State v. Trammell*, 12th Dist. Butler Nos. CA2016-11-220, CA2016-11-221, and CA2016-11-222, 2017-Ohio-8198.

{¶ 7} An appellate court will neither construct assignments of error nor create arguments on behalf of an appellant because it is not the duty of an Ohio appellate court to raise arguments for the parties. *See In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 53. Moreover, "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *In re Constable*, 12th Dist. Clermont Nos. CA2006-08-058 and CA2006-09-067, 2007-Ohio-3346, ¶ 12. "An appellate court is not a performing bear,

required to dance to each and every tune played on an appeal." *State v. Wilson*, 12th Dist. Warren No. CA2018-03-022, 2019-Ohio-338, ¶ 27.

{¶ 8} Because Streaker has failed to present any legal arguments under his assignment of error specific to the trial court's ruling, we have nothing to review. We therefore affirm the trial court's dismissal of Streaker's complaint and overrule his assignment of error.

{¶ 9} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.