[Cite as *Dudley v. Dudley*, 2019-Ohio-4309.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| TERRY DUDLEY, et al., | : | |
| Appellees, | : | CASE NO. CA2019-01-021 |
| | : | O P I N I O N |
| - vs - | | 10/21/2019 |
| | : | |
| THOMAS DUDLEY, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-01-0006

Aronoff, Rosen & Hunt, Edward P. Akin, 2200 U.S. Bank Tower, 425 Walnut Street, Cincinnati, Ohio 45202, for appellees

Faulkner & Tepe, LLP, John C. Scott, Tracey E. Schwetschenau, One West Fourth Street, Suite 2050, Cincinnati, Ohio 45202, for appellants

**RINGLAND, P.J.**

{¶ 1} Appellants, Thomas and Diane Dudley ("Sellers"), appeal the trial court's decision compelling the closing in a real property transaction and setting the effective date of the closing. For the reasons detailed below, we affirm.

{¶ 2} This case initially arose as an action in partition on three parcels of real property ("Property") between Sellers and, Terry and Katherine Dudley ("Buyers"). Terry and

Thomas Dudley, brothers, each held an undivided one-half interest in the Property.

{¶ 3} On November 2, 2017, the parties appeared with counsel before the trial court and indicated that a settlement agreement had been reached for the sale of the Property. The next day, the trial court entered an order incorporating the parties' settlement agreement in toto and granted partition. As part of the settlement agreement, the parties signed an auction contract that listed the auction date as on or before March 1, 2018 as determined by the auctioneer and indicated that the "Real Estate Close" occur "on or before 45 days after auction."

{¶ 4} Pursuant to the settlement agreement, the Property went for public auction on March 1, 2018. The Buyers made the winning bid and entered into an "Agreement to Purchase Real Estate" on the same date. Pursuant to that agreement, the Buyers agreed to pay $585,000 for the premises and Buyers agreed to "pay the balance, in cash, upon delivery of the deed, on or before Friday April 20, 2018."

{¶ 5} On June 13, 2018, Buyers moved to compel the closing of the sale, arguing that they are "ready, willing, and able to close on the purchase of all three properties, and they are incurring interest on loans earmarked for the purchase of the properties." In addition, Buyers moved for an equitable adjustment in the purchase price of one of the three parcels, the Ringwood Parcel. Though noting that neither Thomas nor Terry was aware of it, the Ringwood Parcel was approximately five acres smaller than presented at the auction.

{¶ 6} The trial court denied Buyers request for a price adjustment but granted their motion to compel closing and ordered that the parties complete closing on or before January 31, 2019. The trial court designated April 1, 2018 as the retroactive closing date. Sellers now appeal from the trial court's decision, raising a single assignment of error for review:

{¶ 7} THE COURT ERRED IN ITS ORDER DESIGNATING THAT THE CLOSING DATE BE APRIL 1, 2018.

{¶ 8} In their sole assignment of error, Sellers argue the trial court erred in designating a retroactive closing date of April 1, 2018. Sellers argue that because the trial court ordered a retroactive closing date, they have been deprived of substantial farm income that was purportedly generated between the actual closing date and the retroactive closing date.

{¶ 9} Following review of the limited record before this court, we find Sellers' argument to be without merit. Ohio law is well settled that an appellant on appeal must provide legal arguments and citations to both legal authority and the record sub judice that substantiate the alleged error. *Streaker v. Streaker*, 12th Dist. Madison No. CA2018-05-013, 2019-Ohio-832, ¶ 6.

{¶ 10} An appellate court will neither construct assignments of error nor create arguments on behalf of an appellant because it is not the duty of an Ohio appellate court to raise arguments for the parties. *See In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 53. Moreover, "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *In re Constable*, 12th Dist. Clermont Nos. CA2006-08-058 and CA2006-09-067, 2007-Ohio-3346, ¶ 12. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Wilson*, 12th Dist. Warren No. CA2018-03-022, 2019-Ohio-338, ¶ 27.

{¶ 11} This court has reviewed all of the accompanying documentation in this case. From the record, the parties clearly entered into a settlement agreement with respect to the partition action and the Property was then sold to Buyers at the March 1, 2018 auction. However, subsequently, the parties disagreed about matters pertinent to the closing. Sellers allege that Buyers were responsible for the delay in closing due to their demand for a price reduction while Buyers allege that Sellers are responsible for the delay. On October 29, 2018, the trial court heard argument on Buyers' motion to compel closing and for an equitable

adjustment of the contract price.[1]  A transcript of that proceeding has not been filed for this court to consider, nor is there any information that can be gleaned from the record to determine if the trial court erred in setting the retroactive closing date.  *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("appellant bears the burden of showing error by reference to matters in the record").  Given the very limited record before this court, we have nothing to pass upon and have no choice but to presume the regularity of the lower court's proceeding and affirm.  *Spicer v. Spicer*, 12th Dist. Butler No. CA2005-10-443, 2006-Ohio-2402, ¶ 5.  As a result, we find Sellers' sole assignment of error is without merit.

**{¶ 12}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

---

1. It is unclear from the record whether the "argument" before the trial court was an "oral argument" or an evidentiary hearing.  Irrespective, the record is lacking as to whether objections or argument were even heard during that October 29, 2018 proceeding as to the closing date.