[Cite as *Mallikarjunaiah v. Shankar*, 2020-Ohio-4508.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SMITHA MALLIKARJUNAIAH, | : | |
| Appellee, | : | CASE NOS. CA2019-11-122 CA2019-11-123 |
| | : | |
| - vs - | : | O P I N I O N 9/21/2020 |
| | : | |
| PRASAD SHANKAR, | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 17DR39885

Smitha Mallikarjunaiah, 2651 Citrus Lake Drive, D 204, Naples, Florida 34109, pro se

Prasad Shankar, 1766 Chaparral Drive, Pittsburg, California, 94565, pro se

**RINGLAND, J.**

{¶1}    Appellant, Prasad Shankar ("Father"), appeals a decision from the Warren County Court of Common Pleas, Domestic Relations Division, resolving several motions specific to parenting time, custody, reunification counseling, and costs.  For the reasons detailed below, we affirm.

{¶2}    Father and Smitha Mallikarjunahaiah ("Mother") married in California and

subsequently dissolved their marriage in 2006 in the Superior Court of California County of Monterey. The parties have one child by issue of their marriage, a son born on January 25, 2004.

{¶3} In 2016, Mother was permitted to move to Ohio with their son. The record reflects that Mother and Father jointly stipulated that the parties would participate in reunification counseling with a counselor in Mason, Ohio.[1]

{¶4} The procedural history of this case is muddled. These proceedings initially began with Mother's petition to register a foreign order granting custody of their child to her. However, on October 18, 2017, Father moved to modify the custody and visitation order from the California Court.

{¶5} Subsequently, the parties entered into an agreed entry that permitted Mother to relocate to Florida with their son so that he could attend a private school and tennis academy. Pursuant to the second agreed entry, Father was ordered to arrange reunification counseling with one of two agencies listed in the order.

{¶6} Father's efforts to arrange reunification counseling were unsuccessful and, on November 16, 2018, he filed four motions: a motion to stop delaying counselling, a motion for choosing right therapist [sic], a motion to share expenses, and a motion for fees/costs. On March 11, 2019, Mother moved to dismiss Father's complaints and also moved for sanctions for frivolous conduct.

{¶7} The trial court held a hearing on May 17, 2019. During the hearing both parties agreed that the counselors that Father contacted were unable or unwilling to help in reunification counseling. Therefore, the parties entered into a third agreed entry where

---

1. Though the stipulation does not expressly state so, we presume the reunification counseling was agreed to for purposes of repairing the relationship between Father and his son, as that is the issue before this court.

three additional counselors were listed for Father to contact and arrange reunification counseling. The remaining outstanding issues were submitted to the court.

{¶8} On May 22, 2019, the magistrate issued its decision with the following findings: (1) Mother's motion to dismiss and motion for sanctions is denied, (2) Father's motion to share expenses and for fees, costs, and sanctions is denied, (3) Father's motion for Mother to pay a portion of his travel costs is denied, and (4) the court does have jurisdiction to hear the matter.

{¶9} Father filed objections to the May 22, 2019 magistrate's decision. Father argued that his motion to share expenses and for fees, costs, and sanctions should have been granted. Father argued that since Mother is the one who moved, she should be responsible for travel expenses. In addition, Father argued that the court should sanction Mother for filing frivolous motions against Father and for wasting time.

{¶10} The trial court overruled Father's objections in an October 9, 2019 entry. The trial court noted that Mother pays all of their son's tuition and determined that imposing additional expenses upon her would be disproportionate. Further, the court found that Father could have requested these expenses previously but failed to do so and therefore waived the issue. Finally, the court did not find that Mother engaged in frivolous conduct, noting that such domestic relations matters can be lengthy and contentious.

{¶11} Another hearing was held on October 9, 2019. The transcript of that proceeding was not filed and therefore this court cannot ascertain what evidence was presented.

{¶12} On October 23, 2019, the magistrate issued its decision. Relevant to this appeal, the magistrate denied Father's motion to change custody, but did change the parenting time order by eliminating the prior requirement for reunification counseling

between Father and son. At the time of the hearing, the child was 15 years old. The magistrate noted that "it is unfortunate, but the child has made it clear that he does not want a relationship with his Father at this time." As a result, the magistrate ordered parenting time as such:

> 1. One time per month, Father may make arrangements to visit the child in person in Florida. This parenting time is unsupervised. Father shall provide Mother and the child with fourteen-day notice of his intent to exercise this parenting time. Where Father's parenting time takes place and how long Father has parenting time is at the child's discretion. For example, if the child agrees to have dinner with Father, then he may do so.
>
> * * *
>
> 2. Father shall continue to have video parenting time through Skype, or a similar service, twice per week;
>
> 3. The parties are no longer required to attend reunification counseling. The child does not wish to have a relationship with Father at this time. The parties do not appear willing to participate in counseling either. Therefore, * * * the therapists have indicated reunification counseling will not be effective;
>
> * * *

{¶13} Father failed to timely file objections and the trial court adopted the magistrate's decision as the permanent order in a November 8, 2019 entry. On November 19, 2019, Father filed untimely objections to the magistrate's decision. Father now appeals, raising three assignments of error for review.

{¶14} Assignment of Error No. 1:

{¶15} COURT SHOULD REVIEW THE TRIAL COURT'S DECISION TO CANCEL FATHER AND SON REUNIFICATION COUNSELLING IS REALLY AT BEST INTEREST OF THE CHILD. (sic)

{¶16} Assignment of Error No. 2:

{¶17} WHETHER SUBSTANTIAL EVIDENCE SUPPORTS TO PROVE MOTHER

IS NOT VIOLATED CALIFORNIA COURT ORDER, WHICH STATES REUNIFICATION COST SHOULD BE SHARED BY BOTH PARTIES. (sic)

{¶18} Assignment of Error No. 3:

{¶19} TRAIL COURT'S DECISION TO SQUASH SUBPOENA ISSUED TO MR. KRAMER TO TESTIFY AT THE TRIAL COURT IS JUSTIFIED. (sic)

{¶20} Father's assignments of error will be addressed together.[2] Following review of the limited record before this court, we find Father's appeal to be without merit.

{¶21} Civ.R. 53(D)(3) governs the procedure for objecting to a magistrate's decision. "This rule requires a party to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." *Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 29.

{¶22} In the present case, the magistrate's decision vacating the order for reunification counseling and denying Father's motion for sanctions was issued on October 23, 2019. Nevertheless, Father did not file objections until November 19, 2019, which was outside the 14-day timeframe required by Civ.R. 53(D)(3)(b)(i). Accordingly, Father did not timely file objections to the magistrate's decision. By failing to object to the magistrate's actions, Father has waived all but plain error on appeal. *Thompson v. Cannon*, 12th Dist. Fayette No. CA2015-02-003, 2015-Ohio-2893, ¶ 12. "Plain error is only found in 'exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Holden v. Holden*, 12th Dist. Brown No. CA2015-07-016, 2016-Ohio-5557, ¶ 25, quoting *Goldfuss v.*

---

2. Father does not specifically raise any assignments of error in his brief, but instead lists a "statement of issues presented for review," which we will construe as his assignments of error. However, we have considered Father's entire brief.

*Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶23} Having reviewed the record, we find that the trial court's decision was not plain error. As an initial matter, Father's brief points to no legal authority and does not coherently raise any ascertainable right to relief. Rather, Father's brief is essentially a list of grievances that he holds against Mother and the way this case has proceeded.

{¶24} Ohio law is well settled that an appellant on appeal must provide legal arguments and citations to both legal authority and the record sub judice that substantiate the alleged error. *Streaker v. Streaker*, 12th Dist. Madison No. CA2018-05-013, 2019-Ohio-832, ¶ 6.

{¶25} "An appellate court will neither construct assignments of error nor create arguments on behalf of an appellant because it is not the duty of an Ohio appellate court to raise arguments for the parties." *Dudley v. Dudley*, 12th Dist. Butler No. CA2019-01-021, 2019-Ohio-4309, ¶ 10. Moreover, "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *In re Constable*, 12th Dist. Clermont Nos. CA2006-08-058 and CA2006-09-067, 2007-Ohio-3346, ¶ 12. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Wilson*, 12th Dist. Warren No. CA2018-03-022, 2019-Ohio-338, ¶ 27.

{¶26} Moreover, because Father failed to provide a transcript of the October 9, 2019 hearing, we cannot ascertain what evidence was presented or omitted below. It is well settled that if an appellant fails to provide the court of appeals with a transcript or an agreed statement of the trial court's proceedings, he or she generally will be unable to demonstrate the error on which his or her appeal is based, and in such instances, the court of appeals must presume the regularity and correctness of the proceedings in the trial court. *Dowers v. Dowers*, 12th Dist. Butler No. CA2015-04-071, 2015-Ohio-4530, ¶ 12. Provided the

limited record before this court, we find the trial court did not commit plain error in resolving this matter. Father's three assignments of error are without merit and hereby overruled.

{¶27} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.