[Cite as *State v. Jordan*, 2022-Ohio-563.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-07-082 |
| | : | O P I N I O N |
| - vs - | | 2/28/2022 |
| | : | |
| FELIX C. JORDAN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-02-0193

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Lorraine M. Search, for appellant.


**BYRNE, J.**

{¶1} Felix C. Jordan appeals from his conviction in the Butler County Court of Common Pleas for felony non-support. For the reasons described below, we dismiss this appeal.

{¶2} In February 2021, a Butler County grand jury indicted Jordan on one count of felony non-support of dependents. In June 2021, Jordan entered a guilty plea. On July 1,

2021, Jordan appeared before the trial court for sentencing. The court sentenced Jordan to a 12-month prison term, with credit for 50 days served. The court filed the judgment of conviction entry the next day, July 2, 2021. On July 15, 2021, Jordan filed a notice of appeal. The notice of appeal stated that the appeal was taken from Jordan's July 2, 2021, judgment of conviction entry.

{¶3} One and one-half months later, on August 31, 2021, Jordan filed a pro se motion for jail-time credit in the trial court. Jordan argued that he was entitled to an additional 42 days of jail-time credit for time spent incarcerated in Texas. On October 11, 2021, the trial court issued a judgment entry denying Jordan's motion for jail-time credit. The court attached a letter to the judgment entry which appeared to be signed by officials from the Butler County probation division. The letter recommended that Jordan not receive jail-time credit for his incarceration in Texas because he "was not available to our Court."

{¶4} Jordan raises the following as his sole assignment of error in this appeal.

{¶5} THE TRIAL COURT ERRED IN FAILING TO GIVE APPELLANT JAIL TIME CREDIT FOR HIS TIME HELD IN TEXAS.

{¶6} Jordan argues that the trial court erred by failing to give him jail-time credit for time he spent incarcerated in Texas prior to being sentenced in Butler County. In support, he cites his motion for jail-time credit as well as its supporting affidavit. Jordan also challenges the court's apparent reliance on the letter from the Butler County probation division.

{¶7} Jordan filed his notice of appeal in this case before he filed his motion for jail-time credit and before the entry denying that motion that Jordan claims was erroneously decided. Furthermore, Jordan's notice of appeal specified that the final judgment rendered on July 2, 2021, was the order or judgment from which Jordan appealed.

{¶8} The trial court's entry denying Jordan's motion for jail-time credit is a

postjudgment order that is not within the scope of the noticed appeal. Because Jordan has not filed a notice of appeal from the entry denying his motion for jail-time credit, this matter is not properly before us. *See State v. Davis*, 166 Ohio App.3d 468, 2006-Ohio-1592, ¶ 54 (2d Dist.) (rejecting an assignment of error where the order complained of was issued after the notice of appeal and the notice of appeal was taken from a different order). *See also State v. Shafer*, 8th Dist. Cuyahoga No. 79758, 2002-Ohio-6632, ¶ 76 (refusing to consider potential error regarding journal entry that was filed after the filing date of the notice of appeal). We may only consider arguments regarding matters that are properly before us in compliance with App.R. 3(D) and 4. *Shafer* at *id*; *In re England*, 10th Dist. Franklin No. 92AP-1749, 1993 WL 179994, *6 (May 18, 1993). Because Jordan's sole assignment of error concerns a judgment entry that was filed *after* the notice of appeal in this case and is not within the scope of the noticed appeal, we must dismiss Jordan's appeal.

{¶9} Appeal dismissed.

M. POWELL, P.J., and S. POWELL, J., concur.