[Cite as *Schaible v. Schaible*, 2025-Ohio-1404.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

ADAM ALLEN SCHAIBLE, :

    Appellee, :     CASE NO. CA2024-10-073

    - vs - : <u>O P I N I O N</u>
4/21/2025

     :

NATALIE SCHAIBLE nka SLATER, :

    Appellant. :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2018 DRA 00893


Cathy Cook Law, and Cathy R. Cook, for appellee.

King, Koligian & Associates, LLC, and Stephen R. King, for appellant.



**PIPER, J.**

{¶ 1} Appellant, Natalie Schaible nka Slater, appeals various aspects of the decisions issued by the Clermont County Court of Common Pleas, Domestic Relations Division, on September 4, 2024 and September 23, 2024, respectively, following her divorce from appellee, Adam Allen Schaible.[1] For the reasons outlined below, we affirm

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

the domestic relations court's September 4, 2024 and September 23, 2024 decisions in their entirety.

**Facts and Procedural History**

{¶ 2} Adam and Natalie were married on September 5, 2010. There was one child born issue of the marriage, a boy, AJ, born on April 14, 2014. Adam and Natalie were subsequently divorced on December 18, 2020. This is the third appellate decision arising from Adam's and Natalie's divorce proceedings. *See Schaible v. Schaible*, 2022-Ohio-4717 (12th Dist.) (reversing and vacating domestic relations court's decision ordering Adam to turn over ammunition for four firearms Natalie agreed to purchase from Adam as part of their divorce and affirming the domestic relations decision modifying Natalie's and Adam's holiday visitation time schedule); and *Schaible v. Schaible*, 2025-Ohio-320 (12th Dist.) (affirming the domestic relations court's decision denying Natalie's motion to stay passport issuance for her and Adam's son, AJ, and request for an emergency order staying the issuance of said passport until further evidence could be provided, and referring the matter to a magistrate to determine the amount of reasonable attorney fees for which Adam was entitled pursuant to Loc.R. 25[A] upon finding Natalie's appeal to be frivolous).

{¶ 3} On September 4, 2024 and September 23, 2024, the domestic relations court issued decisions related to its (1) finding Natalie in contempt; (2) limiting Natalie's parenting time with AJ to just six hours of supervised visitation time per week; and (3) denying Natalie's motion for a change of venue from Clermont County, Ohio to the neighboring Hamilton County, Ohio. On October 4, 2024, Natalie filed a notice of appeal from both the domestic relations court's September 4, 2024 and September 23, 2024 decisions. Oral argument was held before this court on March 10, 2025, following which Natalie's appeal was submitted to this court for review of her four assigned errors. We

address each of Natalie's four assignments of error in turn.

**Assignment of Error No. 1:**

{¶ 4} THE LOWER COURT ERRED IN FAILING TO MAKE THE JUDGMENTS ENTERED ON SEPTEMBER 4, 2024, AND SEPTEMBER 23, 2024, APPEALABLE ORDERS.

{¶ 5} In her first assignment of error, Natalie makes a series of arguments related to the final and appealable nature of the domestic relations court's September 4, 2024 and September 23, 2024 decisions, the same two decisions from which she now appeals. We do not share Natalie's concerns regarding the appealability of either decision issued by the domestic relations court. We instead find Natalie has properly invoked this court's jurisdiction to review the domestic relations court's decisions via her notice of appeal filed with this court on October 4, 2024. *See* App.R. 3(A) and App.R. 4(A)(1). Therefore, finding Natalie's appeal from the domestic relations court's September 4, 2024 and September 23, 2024 decisions properly before this court for review, Natalie's first assignment of error is overruled.

**Assignment of Error No. 2:**

{¶ 6} THE LOWER COURT ERRED IN ITS FINDINGS OF CONTEMPT.

{¶ 7} In her second assignment of error, Natalie argues the domestic relations court erred by finding her in contempt. More specifically, Natalie argues the domestic relations court erred by finding she had violated its orders by (1) "contacting AJ's pediatrician and changing AJ's medication without Adam's knowledge;" and (2) "taking AJ to a doctor's appointment on December 22, 2022 without Adam's consent or knowledge." The record, however, contains overwhelming evidence that Natalie did, in fact, contact AJ's pediatrician to have AJ's medication changed without Adam's knowledge. The record also contains overwhelming evidence that Natalie took AJ to a

doctor's appointment on December 22, 2022 without Adam's consent or knowledge. Natalie's attempt to innocently explain away her conduct is unavailing. The fact remains that Adam proved, by clear and convincing evidence, Natalie violated the domestic relations court's orders as set forth above, orders about which the record firmly establishes Natalie had clear knowledge.

**{¶ 8}** "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 2013-Ohio-2397, ¶ 11 (12th Dist.). "To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order." *Delgado v. Delgado*, 2018-Ohio-4938, ¶ 36 (12th Dist.). "The clear and convincing evidence standard requires more than a mere preponderance of the evidence, but not the extent of such certainty required for a finding of beyond a reasonable doubt in a criminal case." *Hueber v. Hueber*, 2007-Ohio-913, ¶ 16 (12th Dist.). "Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Dewsnap v. Dewsnap*, 2008-Ohio-4433, ¶ 49 (12th Dist.).

**{¶ 9}** "When reviewing a finding of contempt, including a trial court's imposition of penalties, an appellate court applies an abuse of discretion standard." *Mackowiak v. Mackowiak*, 2011-Ohio-3013, ¶ 45 (12th Dist.). "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Maloney v. Maloney*, 2016-Ohio-7837, ¶ 14 (12th Dist.). "A decision is 'unreasonable' when there is no sound reasoning process to support it." *Vaughn v. Vaughn*, 2007-Ohio-6569, ¶ 12 (12th Dist.). "'An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard.'" *Dickenson v. Jackson*, 2024-Ohio-1236, ¶ 19 (12th Dist.), quoting *Crawford v. Fisher*,

2015-Ohio-114, ¶ 5 (10th Dist.). "'An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness.'" *Id.*, quoting *Fernando v. Fernando*, 2017-Ohio-9323, ¶ 7 (10th Dist.).

{¶ 10} We find no abuse of discretion here. Rather, as noted above, we find the domestic relations court's decisions finding Natalie in contempt for (1) "contacting AJ's pediatrician and changing AJ's medication without Adam's knowledge" and (2) "taking AJ to a doctor's appointment on December 22, 2022 without Adam's consent or knowledge" to be fully supported by the record. Therefore, finding no merit to any of the arguments raised by Natalie herein, Natalie's second assignment of error is also overruled.

**Assignment of Error No. 3:**

{¶ 11} THE LOWER COURT DETERMINATIONS OF BEST INTEREST FOR THE MINOR CHILD HEREIN WERE AN ABUSE OF DISCRETION.

{¶ 12} In her third assignment of error, Natalie argues the domestic relations court's best interest determinations were made in error and constitute an abuse of discretion. More specifically, Natalie argues that it was error and an abuse of discretion for the domestic relations court to find it was in AJ's best interest to award her with just six hours of supervised visitation time with AJ per week. Natalie also argues it was error and an abuse of discretion for the domestic relations court to curtail her "rights to communicate" with AJ about his father, Adam, and her "ability to communicate with third parties" regarding her ongoing issues with Adam.

{¶ 13} However, upon a thorough review of the record, we find no error in the domestic relations court's best interest determinations. This is because, despite Natalie's claims otherwise, the record is replete with evidence to support the domestic relations court's decisions as it relates to those three issues. This is particularly true as it relates to the domestic relations court's decision to award Natalie with just six hours of supervised

visitation time with AJ per week. This evidence includes, but is not limited to, Natalie's one time preoccupation with inflicting deadly harm on Adam, Natalie's interest in and access to firearms, and Natalie's previously expressed desires to flee the state with AJ or, alternatively, to abandon AJ with Adam. Therefore, finding no merit to any of the arguments raised by Natalie herein, Natalie's third assignment of error is overruled.

**Assignment of Error No. 4:**

**{¶ 14}** THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO CHANGE VENUE.

**{¶ 15}** In her fourth assignment of error, Natalie argues the domestic relations court erred by denying her Civ.R. 3(C)(4) motion to change venue from Clermont County, Ohio to its neighboring Hamilton County, Ohio.[2] This is because, according to Natalie, a change of venue to Hamilton County would allow for her various motions and filings to be decided more quickly now that she, Adam, and AJ all reside in Hamilton County "and have for years." We disagree.

**{¶ 16}** "A trial court's decision on a motion to change venue is reviewed under an abuse of discretion standard." *Butler Cty. Joint Vocational School Dist. Bd. of Edn. v. Andrews*, 2007-Ohio-5896, ¶ 15 (12th Dist.). The domestic relations court's decision to deny Natalie's motion to change venue—the third such motion that Natalie has filed since her and Adam's divorce—was not an abuse of discretion. That is to say, the domestic relations court's decision to deny Natalie's motion to change venue to Hamilton County was not unreasonable, arbitrary, or unconscionable.

**{¶ 17}** The same holds true for the domestic relations court's decisions finding

---

2. Civ.R. 3(C)(4) provides that "[u]pon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending."

Natalie's motion frivolous and awarding $500 in attorney fees to Adam. Whether Hamilton County would be able to process Natalie's various motions and filings quicker than Clermont County is based on nothing more than pure speculation. Such vague speculation is insufficient to require a change of venue. Therefore, finding no merit to any of the arguments raised by Natalie herein, Natalie's fourth assignment of error likewise lacks merit and is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.