[Cite as *Schaible v. Slater*, 2025-Ohio-5799.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


ADAM ALLEN SCHAIBLE,          :

    Appellee,                 :

vs.                           :

NATALIE SCHAIBLE NKA SLATER,    :

    Appellant.             :

                             :

CASE NO. CA2025-05-041

OPINION AND
JUDGMENT ENTRY
12/30/2025


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2018 DRA 00893


Cathy R. Cook, for appellee.

Natalie Schaible nka Slater, pro se.


# O P I N I O N


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Natalie Schaible nka Slater, appeals from a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, denying her motion to extend time to file objections to a magistrate's decision that found her in

contempt, declined to find appellee, Adam Allen Schaible, in contempt, and ordered more than $8,000 that Adam overpaid in child support transferred to Natalie's child support order as an arrearage to be paid to Adam. For the reasons discussed below, we affirm the domestic relations court's decision and deny Adam's request for attorney fees under Loc.R. 25(A).

**Facts & Procedural History**

{¶ 2}   Natalie and Adam were married on September 5, 2010. There was one child born issue of their marriage, a boy, AJ, born on April 14, 2014. Adam and Natalie were subsequently divorced on December 18, 2020. This is the fourth appellate decision arising from Adam's and Natalie's post-divorce disputes. *See Schaible v. Schaible*, 2022-Ohio-4717 (12th Dist.) ("*Schaible I*") (reversing and vacating the domestic relations court's decision ordering Adam to turn over ammunition for four firearms Natalie agreed to purchase from Adam as part of their divorce and affirming the domestic relations decision modifying Natalie's and Adam's holiday visitation time schedule); *Schaible v. Schaible*, 2025-Ohio-320 (12th Dist.) ("*Schaible II*") (affirming the domestic relations court's decision denying Natalie's motion to stay passport issuance for AJ and referring the matter to a magistrate to determine the amount of reasonable attorney fees for which Adam was entitled pursuant to Loc.R. 25[A] upon finding Natalie's appeal to be frivolous); *Schaible v. Schaible*, 2025-Ohio-1404 (12th Dist.) ("*Schaible III*") (affirming the domestic relations court's decisions denying a change of venue to Hamilton County, limiting Natalie's parenting time to six hours of supervised visitation time per week, and finding Natalie in contempt for taking AJ to a doctor's appointment without Adam's consent or knowledge and for contacting AJ's pediatrician to have AJ's medication changed without Adam's knowledge).

{¶ 3}   On February 7, 2024, Natalie moved to have Adam held in contempt for,

among other things, not making child support payments after October 2023. On August 23, 2024, Adam moved to have Natalie held in contempt for failing to reimburse him for medical expenses for AJ, for not paying attorney fees she had previously been ordered to pay, and for not cooperating in the distribution of retirement accounts. On November 12, 2024, Adam filed another motion to have Natalie held in contempt, this time for failing to pay fees and sanctions ordered by the court in its September 4, 2024 and September 23, 2024 entries. Adam's November 12, 2024 motion also sought an "order on repayment of child support." Adam noted that the domestic relations court's September 23, 2024 Decision and Entry terminating shared parenting and making Adam the sole residential parent and legal custodian of AJ had addressed the parties' child support obligations by making Natalie the obligor and ordering her to pay monthly child support. The court's September 23, 2024 Decision and Entry had further addressed child support by stating that "[a]ny credit or arrearage of support on the Child Support Enforcement (CSE) records is preserved." Adam argued in his November 12, 2024 motion that he had an overpayment of child support in excess of $8,000 and that "[e]ven though the order states that Adam's credit is preserved, CSE requires the order state that Natalie must re-pay this credit to Adam. [T]herefore, Adam requests repayment to be ordered."

{¶ 4} A hearing on the foregoing motions was held before a magistrate on February 4, 2025. The parties were represented by counsel, and both Natalie and Adam testified on behalf of their respective motions. On March 21, 2025, the magistrate issued a "Decision of the Magistrate on Contempt and Payment of Child Support Credit" (hereafter, the "March 21, 2025 Magistrate Decision"). The magistrate denied Natalie's February 7, 2024 motion to have Adam found in contempt for not paying child support, stating in pertinent part the following:

The Shared Parenting Plan require[d] Adam to pay child

- 3 -

support in the amount of $815.19 and cash medical support in the amount of $23.96, including the two percent processing fee, for a total of $839.15 monthly. Natalie stated that she received no child support after October 2023, when the Amended Decision of the Magistrate was journalized. Adam acknowledged that the child support order was not actually modified until the Decision on Objections was issued in September 2024. He acknowledged that he stopped paying child support in October 2023.

The Amended Decision journalized on October 20, 2023, modified the child support obligation, effective April 17, 2023, such that Natalie became the child support obligor. Adam continued to pay child support from April 17, 2023 until October 10, 2023, creating an overpayment. The Court declines to find Adam in contempt.

{¶ 5} The magistrate granted in part and denied in part Adam's August 23, 2024 and November 12, 2024 motions to have Natalie found in contempt. The magistrate declined to find Natalie in contempt for not cooperating in the distribution of retirement accounts, but found her in contempt for interfering with Adam's ability to take AJ to a therapy appointment in December 2023 and for failing to pay attorney fees and sanctions that had previously been awarded by the domestic relations court in October 20, 2023, June 11, 2024, and September 4, 2024 entries. With respect to Adam's request for an "order on repayment of child support," the magistrate granted the motion, noting the following:

The Amended Decision journalized on October 20, 2023, modified the child support obligation, effective April 17, 2023, such that Natalie became the child support obligor. Adam paid child support from April through October 10, 2023, creating an overpayment in the amount of $8,624.53.

CSE will transfer the overpayment from the order owed by Adam . . . to the support order and account owed by Natalie . . . to be paid as an arrearage to Adam.

. . .

Natalie will pay the arrearage at the rate of $80 per month, plus the two percent processing fee, for a total of $81.60

> monthly, in addition to the current child support and cash medical support order.

Finally, the magistrate ordered Natalie to pay Adam's attorney fees for prosecuting the August 23, 2024 and November 12, 2024 contempt motions.

{¶ 6} The March 21, 2025 Magistrate Decision was served on the parties on March 21, 2025 by email in accordance with Civ.R. 5(B)(2)(f). Neither party filed objections to the magistrate's decision and on April 9, 2025, the domestic relations court adopted the March 21, 2025 Magistrate Decision as its final order. Thereafter, on April 10, 2025, Natalie, acting *pro se*, filed a "Motion to Extend Time to File Objections to, or Motion to Set Aside, Magistrate's March 21, 2025 Decision." In her motion, Natalie raised issues relating to a separate decision issued by the domestic relations court—a March 27, 2025 "Order for a Garnishment of a TSP [Thrift Savings Plan] Account." Natalie claimed that she had not been timely served with the March 27, 2025 Garnishment Order and "had . . . [she] been served timely, with the Judge's March 27th Order, [she] would have been able to file a timely response to the Magistrate's Decision." Natalie asked for an additional 14 days to file objections to the March 21, 2025 Magistrate Decision.

{¶ 7} On April 14, 2025, the domestic relations court denied Natalie's motion to extend time to file objections to, or to set aside, the March 21, 2025 Magistrate Decision, finding that Natalie "ha[d] not shown good cause." The court reiterated that "the Magistrate's Decision filed March 21, 2025, is adopted by the Court and shall operate as the Final Order of the Court. Neither party filed timely objections."

**Natalie's Appeal**

{¶ 8} Natalie appealed from the domestic relations court's April 14, 2025 entry, raising three assignments of error for review. We begin by addressing Natalie's second and third assignments of error.

{¶ 9} Assignment of Error No. 2:

THE TRIAL COURT ERRED BY ORDERING CHILD SUPPORT WITH MOTHER AS OBLIGEE, RETROACTIVE TO THE 2/23/2024 MAGISTRATE'S INTERIM PARENTING ORDER WITHOUT CONSIDERING ALL THE FACTORS.

{¶ 10} Assignment of Error No. 3:

THE TRIAL COURT ERRED BY ORDERING GARNISHMENT OF MOTHER'S THRIFT SAVING PLAN ("TSP"), A 401K EQUIVALENT, WITHOUT CONSIDERING ALL OF THE FACTORS, SUCH AS TAX PENALTIES ON THE FUNDS.

{¶ 11} In her second assignment of error, Natalie seeks to challenge the domestic relations court's September 23, 2024 child support order, arguing that the court failed to consider factors set forth in R.C. 3119.23(F) and (G) as well as income "earned by [Adam's] live-in paramour." In her third assignment of error, Natalie seeks to challenge two orders, dated March 27, 2025 and a June 16, 2025, respectively, garnishing a Thrift Savings Plan to pay outstanding child support obligations.

{¶ 12} We find we are without jurisdiction to consider either of these assignments of error.

{¶ 13} An appellate court may only consider arguments regarding matters that are properly brought before it in compliance with App.R. 3(D) and 4. *Simpson v. Moreland*, 2024-Ohio-1728, ¶ 46 (12th Dist.), citing *In re England*, 1993 WL 179994, * 6 (10th Dist. May 18,1993); *State v. Jordan*, 2022-Ohio-563, ¶ 8 (12th Dist.). Pursuant to App.R. 3(A), "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." That is, the party wishing to appeal, must "file the notice of appeal . . . within thirty days." App.R. 4(A). "If a party fails to file a notice of appeal within the time prescribed by law, the reviewing court is without jurisdiction to consider the matter being appealed." *See In re Estate of Brunswick*, 2011-Ohio-993, ¶ 42

(12th Dist.), citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). Furthermore, in filing a notice of appeal, the notice "shall specify the party or parties taking the appeal; *shall designate the judgment, order or part thereof appealed from*; and shall name the court to which the appeal is taken." (Emphasis added.) App.R. 3(D).

{¶ 14} Natalie's notice of appeal was filed on May 13, 2025 and identified the domestic relations court's April 14, 2025 entry as the judgment being appealed. A copy of the court's April 14, 2025 Entry Denying Motion to Extend Time to File Objections was attached to her notice of appeal. Though Natalie appealed from the denial of her request to extend time to file objections to, or to set aside, the March 21, 2025 Magistrate Decision, Natalie does not seek to challenge this decision in her second or third assignments of error. Rather, in her second assignment of error, Natalie seeks to challenge the domestic relations court's September 23, 2024 Decision and Entry on Objections, which was the subject of Natalie's appeal in *Schaible III,* 2025-Ohio-1404 (12th Dist.). We do not have jurisdiction to revisit our review of the September 23, 2024 decision or to consider the merits of Natalie's second assignment of error. Not only is the September 23, 2024 decision not within the scope of the noticed appeal, as required by App.R. 3, but the time to appeal the September 23, 2024 decision is well-outside the 30 days prescribed by App.R. 4. This court, therefore, does not have jurisdiction to address the arguments raised in Natalie's second assignment of error.[1]

{¶ 15} We find we are also without jurisdiction to consider the merits of Natalie's third assignment of error, which seeks to challenge the domestic relations court's March

---

1. We further note that any argument Natalie has as to the domestic relations court's calculation of her child support obligation, as set forth in the September 23, 2024 Decision and Entry, could have and should have been raised in her prior appeal in *Schaible III* and is barred from consideration by the doctrine of res judicata. See *Bartlett v. Sobetsky*, 2008-Ohio-4432, ¶ 14-15 (12th Dist.); *Flanagan v. Flanagan*, 2007-Ohio-6209, ¶ 8-9 (9th Dist.).

27, 2025 Order for a Garnishment of a TSP Account and June 16, 2025 Order for a Garnishment of a TSP Account. Neither of these orders were identified or designated in the notice of appeal as judgments or orders from which Natalie was appealing. In fact, the June 16, 2025 garnishment order was not filed by the domestic relations court until *after* Natalie filed her May 13, 2025 notice of appeal. The garnishment orders are therefore not within the scope of the noticed appeal pursuant to App.R. 3(D). *See Jordan* at ¶ 8 (finding the court did not have jurisdiction to consider a judgment entry that was filed *after* the notice of appeal had been filed); *Simpson* at ¶ 46 (rejecting an assignment of error where the order complained of was issued after the notice of appeal and were the notice of appeal was taken from a different order).

{¶ 16} Accordingly, as this court is without jurisdiction to consider Natalie's second and third assignments of error, the assignments of error are hereby overruled. *Id.*; *D00TZ 606, L.L.C. v. Dennis*, 2025-Ohio-4313, ¶ 29 (12th Dist.).

{¶ 17} Assignment of Error No 1:

> THE TRIAL COURT ERRED BY NOT REVIEWING THE CHILD SUPPORT LEDGER PROVIDED WHICH DEMONSTRATES THAT FATHER ABRUPTLY AND WITHOUT COURT ORDER, STOPPED PAYING CHILD SUPPORT IN OCTOBER 2023.

{¶ 18} In her first assignment of error, Natalie essentially argues the domestic relations court erred in failing to find Adam in contempt for not paying child support from October 2023 until February 23, 2024. The magistrate denied Natalie's motion for contempt in the March 21, 2025 Magistrate Decision and the domestic relations court adopted the magistrate's decision on April 9, 2025. Though the domestic relations court ordered the clerk to serve its April 9, 2025 Entry "on all parties pursuant to the Ohio Rules of Civil Procedure," there is no indication in the record that the court's April 9, 2025 Entry

was served on the parties.[2] The first time the parties were served with notice that the court had adopted the March 21, 2025 Magistrate Decision was when the court's April 14, 2025 Entry Denying Motion to Extend Time to File Objections was electrically served on the parties on April 14, 2025. This entry not only denied Natalie's motion to extend time to file objections to, or motion to set aside, the magistrate's March 21, 2025 decision, but it also reiterated that "the Magistrate's Decision filed March 21, 2025, is adopted by the Court and shall operate as the Final Order of the Court. Neither party filed timely objections.".

{¶ 19} As previously discussed, Natalie filed her notice of appeal on May 13, 2025, and she identified the domestic relations court's April 14, 2025 Entry Denying Motion to Extend Time to File Objections as the order from which she appealed. Because April 14, 2025 was the date Natalie was served with notice that the domestic relations court had adopted the March 21, 2025 Magistrate Decision denying her motion to have Adam held in contempt for not paying child support, we find that her appeal of this issue is timely.

{¶ 20} Nonetheless, we find that our review of this issue is limited by Natalie's failure to comply with the requirements of Civ.R. 53(D)(3), which governs the procedure for objecting to a magistrate's decision. The rule requires a party to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. *Lineback v. Lineback*, 2017-Ohio-5673, ¶ 15 (12th Dist.). "Except for a claim of plain error, a party is prohibited from assigning as error on appeal the trial court's adoption of any finding of fact or legal conclusion, unless that party has objected to that finding or conclusion." *Lineback* at ¶ 15; Civ.R. 53(D)(3)(b)(iv).

---

2. Unlike other decisions and orders issued by the domestic relations court, the court's April 9, 2025 Entry does not contain a notation by the clerk of courts indicating the entry was served electronically on the parties pursuant to Civ.R. 5(B)(2)(f). Further, the transcript of the docket does not reflect service of the court's April 9, 2025 Entry.

{¶ 21} Because Natalie did not file an objection in accordance with Civ.R. 53(D)(3)(b), she has waived all but plain error on appeal. *Mallikarjunaiah v. Shankar*, 2020-Ohio-4508, ¶ 22 (12th Dist.). "Plain error is only found in 'exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Holden v. Holden*, 2016-Ohio-5557, ¶ 25 (12th Dist.), quoting *Goldfuss v. Davidson*, 1997-Ohio-401, syllabus. Notably, Natalie has not claimed plain error on appeal.

{¶ 22} Upon review of the record, we find that the domestic relations court's denial of Natalie's motion to have Adam held in contempt for not paying child support from October 2023 through February 10, 2024 does not constitute plain error. "[T]he decision to grant or deny a motion for contempt is a matter left to the discretion of the domestic relations court." *Wagoner v. Wagoner*, 2024-Ohio-1000, ¶ 27 (12th Dist.). Here, following a full hearing in which testimony and documentary evidence on the issue of Adam's nonpayment of child support was presented, the domestic relations court exercised its discretion and declined to hold Adam in contempt. The court's decision does not amount to an abuse of discretion or rise to the level of plain error, as the record reflects that at the time of the contempt hearing, Adam had overpaid child support in excess of $8,000. Furthermore, the domestic relations court's decision not to hold Adam in contempt did not affect the basic fairness, integrity, or public reputation of the judicial process or otherwise challenge the legitimacy of the underlying judicial process itself. Natalie's first assignment of error is, therefore, overruled.

**Adam's Motion for Attorney Fees**

{¶ 23} After filing an appellee's brief in response to Natalie's appeal, Adam moved, in a separate filing, for an award of attorney fees and costs in accordance with Loc.R.

25(A), contending Natalie's appeal was frivolous. Natalie did not file a response to Adam's motion.

{¶ 24} Loc.R. 25(A) permits this court to award sanctions, including expenses and reasonable attorney fees, to a party who responds to a frivolous appeal. An appeal is considered frivolous "if it is not reasonably well-grounded in fact or warranted by existing law, or by a good faith argument for the extension, modification or reversal of existing law." Loc.R. 25(A). Having addressed the merits of Natalie's first assignment of error, though ultimately unsuccessful, we find that the appeal presented a reasonable question for review and was not wholly frivolous. We therefore deny Adam's motion for attorney fees.

{¶ 25} Judgment affirmed.

BYRNE and SIEBERT, JJ., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed. It is further ordered that appellee's September 8, 2025 Motion for Attorney Fees under Loc.R. 25(A) is hereby denied.

Finally, it is ordered that a mandate be sent to the Clermont County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellant in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Matthew R. Byrne, Judge

/s/ Melena S. Siebert, Judge