[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1216.]

IN RE DISQUALIFICATION OF NADEL.

THE STATE OF OHIO *v.* CLEMONS.

[Cite as *In re Disqualification of Nadel*, 1997-Ohio-20.]

*Judges—Affidavit of disqualification—Disqualification from post-conviction relief proceedings not warranted by judge's comments at sentencing phase of capital murder trial that he could not forgive the petitioner for his conduct and that he recognized the right of victim's families to be heard during criminal proceedings—Section 10a, Article I, Ohio Constitution and R.C. Chapter 2930—Sentences imposed by judges are reflections of their personal beliefs as to the propriety of the punishments imposed.*

(No. 97-AP-132—Decided September 30, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County

Court of Common Pleas case No. B9511119.

————————————

**MOYER, C.J.**

{¶ 1} Affiant, Luz V. Lopez-Ortiz, is counsel for the petitioner Gerald L. Clemons in a post-conviction relief action pending before Judge Norbert A. Nadel. Affiant contends that Judge Nadel should be disqualified from the post-conviction relief action because of comments made by the judge during the sentencing phase of the petitioner's capital murder trial.

{¶ 2} Prior to sentencing the petitioner, Judge Nadel stated that he could not forgive the petitioner for his conduct and made a general statement indicating that he had heard the comments made by members of the victim's family. Affiant claims that these comments reflect a bias and prejudice on the part of Judge Nadel that mandates his disqualification from the post-conviction proceedings.

{¶ 3} Having reviewed Judge Nadel's comments and considering them in the context in which they were made, I cannot conclude they demonstrate a bias or prejudice against the petitioner that mandates the judge's disqualification. The latter statement by Judge Nadel was a general statement in recognition of the right of victims to be heard during criminal proceedings. See, generally, Section 10a, Article I of the Ohio Constitution and R.C. Chapter 2930. This statement does not appear to be specific to victims of the defendant's crime or to the facts of this case. As to the former statement, affiant maintains that the comment represents Judge Nadel's "personal belief in the propriety of the punishment." Any sentence imposed by a judge is a reflection of that judge's personal belief as to the propriety of the punishment imposed in relation to the defendant's conduct and other relevant factors. The additional comment upon which affiant relies does not, in my view, demonstrate a bias or prejudice that would preclude Judge Nadel from fairly and impartially considering the issues presented in the post-conviction relief proceeding.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____