[Cite as *Buckner v. Bank of New York*, 2014-Ohio-568.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| LORIN BUCKNER, TRUSTEE, | : | CASE NO. CA2013-07-053 |
| Plaintiff-Appellant, | : | |
| | : | O P I N I O N<br>2/18/2014 |
| - vs - | : | |
| | : | |
| THE BANK OF NEW YORK, TRUSTEE, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CVH2442

Law Office of Joseph C. Lucas, LLC, Tyler W. Kahler, P.O. Box 36736, Canton, Ohio 44735, for plaintiff-appellant

Blank Rome LLP, John W. Wirthlin and Michael B. Hurley, 1700 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for defendant-appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Lorin Buckner, Trustee for Little Creek Family Trust, appeals a decision of the Clermont County Court of Common Pleas granting a motion to dismiss filed by defendant-appellee, The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-30TI, Mortgage Passthrough Certificates, Series 2006-30TI (Bank of New York).

{¶ 2} This matter arose with the December 2012 filing of appellant's declaratory judgment action and complaint seeking to quiet title on real property located on Little Indian Creek Road, in New Richmond, Ohio. The record shows that James Blanton originally bought the property in 2006. To that effect, Blanton executed a promissory note in August 2006 in favor of America's Wholesale Lender in the principal amount of $460,000. The note was secured by a mortgage which designated Blanton as the borrower, America's Wholesale Lender as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, acting as a nominee for America's Wholesale Lender.

{¶ 3} On March 14, 2008, MERS, acting as a nominee for America's Wholesale Lender, assigned the mortgage to Bank of New York. The assignment was recorded on March 25, 2008. That same day, Bank of New York filed a foreclosure action against Blanton. Following the filing of several pleadings by Blanton and Bank of New York, the trial court entered an order and decree of foreclosure on July 8, 2009.

{¶ 4} Following the trial court's July 8, 2009 foreclosure entry, Blanton filed an appeal to this court. On February 1, 2010, during the pendency of his appeal to this court, Blanton conveyed the property to appellant by a quitclaim deed. We affirmed the trial court's order and decree of foreclosure. *See Bank of New York v. Blanton*, 12th Dist. Clermont No. CA2011-03-019, 2012-Ohio-1597. Blanton sought further review in the Ohio Supreme Court. After the Ohio Supreme Court declined jurisdiction to hear Blanton's appeal, a sheriff's sale of the property was set for January 8, 2013. However, on December 31, 2012, appellant moved to set aside the judgment, asking the trial court to stay the sheriff's sale of the property and to vacate the foreclosure judgment. The trial court denied appellant's request to stay the sale.[1] Bank of New York was the successful bidder at the sheriff's sale.

---

1. According to Bank of New York, appellant's December 31, 2012 motion to set aside was "struck from the record on February 15, 2013, by the [trial court] during a hearing in the Original [Foreclosure] Action."

**{¶ 5}** On December 31, 2012, appellant also filed a declaratory judgment action and complaint seeking to quiet title on the property. Bank of New York moved to dismiss the complaint under Civ.R. 12(B)(6). Subsequently, after it was discovered that appellant, a non-attorney, was not authorized to file the complaint on behalf of the trust, a first amended complaint was properly filed by legal counsel on behalf of the trust.[2]

**{¶ 6}** Appellant asserted that because America's Wholesale Lender "only came into existence with an initial filing date of December 16, 2008," it could not have consented to the March 2008 assignment of the mortgage to Bank of New York; thus, the assignment was invalid and the mortgage was invalid and unenforceable. Consequently, appellant sought a declaratory judgment that Bank of New York committed forgery with regard to the assignment. Appellant also sought a declaratory judgment that Bank of New York had no rights or interests in the mortgage because it was invalidly assigned and the underlying note had been paid in full. With regard to the quiet title action, appellant asserted that the fraudulent assignment represented a cloud on appellant's title to the property. Appellant sought an order under R.C. 5303.01 that the assignment was invalid and of no legal effect, or in the alternative, that the mortgage was satisfied because the underlying note had been paid in full.

**{¶ 7}** On April 29, 2013, Bank of New York renewed its motion to dismiss. Bank of New York argued that appellant lacked standing to challenge the assignment of the mortgage. In addition, appellant's claims were barred by the doctrines of res judicata and lis pendens.

**{¶ 8}** On June 6, 2013, the trial court granted Bank of New York's motion to dismiss. The trial court found that (1) appellant lacked standing to bring the declaratory judgment

---

2. Throughout the opinion, appellant's first amended complaint will be referred to as the complaint.

action because he was not a party to the note, mortgage, or assignment; (2) appellant's claims were barred by the doctrine of lis pendens because he acquired the property while the underlying foreclosure action was pending; (3) appellant's claims were barred by the doctrine of res judicata; and (4) appellant was not entitled to quiet title because the mortgage was neither adverse to appellant's interest nor a cloud on appellant's title to the property. Alternatively, the trial court also found that even if appellant had been a party to the note, mortgage, or assignment, appellant failed to allege any facts supporting his claims that Bank of New York had engaged in forgery or fraud, or that the underlying note had been paid in full.

{¶ 9}   Appellant appeals, raising two assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED WHERE IT DISMISSED THE FIRST AMENDED COMPLAINT BECAUSE IT STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED.

{¶ 12} Appellant argues the trial court erred in dismissing his complaint because it set forth operative facts showing that MERS' mortgage assignment to Bank of New York was a forgery.  As he did below, appellant asserts the assignment was a forgery because America's Wholesale Lender did not come into existence until after the assignment, and thus it could not have consented to the assignment.  Accordingly, appellant asserts he is entitled to declaratory relief and quiet title.  Appellant also argues the trial court "applied an inappropriate standard" when it ruled upon Bank of New York's motion to dismiss because the court failed to take all factual allegations as true and make all reasonable inferences in favor of appellant.

{¶ 13} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty.*

*Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 14} The trial court dismissed appellant's declaratory judgment action on the ground appellant lacked "standing to bring these challenges." It is well-established that before a court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *See Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318 (1994).

{¶ 15} "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991); *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. Franklin No. 13AP-240, 2013-Ohio-5706, ¶ 12. Ohio courts have routinely found that when a debtor or mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of a mortgage, the debtor or mortgagor lacks standing to challenge the validity of the mortgage assignment between an assignor and an assignee. *LSF6 Mercury REO Invests. Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28; *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17-18.

{¶ 16} In the case at bar, the mortgage was recorded in September 2006 and assigned to Bank of New York in March 2008. However, appellant did not acquire an interest

in the property until February 2010, almost two years after the mortgage assignment of which he complains. Accordingly, he was not a party to the promissory note, the mortgage, or the mortgage assignment. Nor is he an intended third-party beneficiary of the note, mortgage, or mortgage assignment. *See Sowers v. Heidler*, 12th Dist. Fayette No. CA2003-02-002, 2003-Ohio-6787 (an intended beneficiary is a third-party beneficiary who is intended to benefit from a contract); *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271 (1994) (there must be evidence that the contract was made and entered into with the intent to benefit the third-party, and not simply that some incidental benefit was conferred on an unrelated party by the promisee's actions under the contract). The trial court, therefore, properly found that appellant lacked standing to challenge MERS' mortgage assignment to Bank of New York.

{¶ 17} The trial court also dismissed appellant's quiet title action on the ground the mortgage was neither adverse to appellant's interest nor a cloud on appellant's title to the property.

{¶ 18} R.C. 5303.01 governs quiet title actions and provides in relevant part that:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

{¶ 19} Appellant argued below that because the mortgage assignment to Bank of New York was fraudulent and invalid, the assignment represented a cloud on his title to the property. Consequently, appellant moved the trial court to find that the assignment was invalid and unenforceable and that he was entitled to quiet title under R.C. 5303.01. Relying upon a decision of the Eighth Appellate District, *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, the trial court rejected appellant's claim as

follows:

> Plaintiff, a non-obligor, current titleholder, who has no privity with Defendant [Bank of New York] or its predecessor alleges that [Bank of New York's] Mortgage on the Property represents an interest that is adverse to his, which constitutes a cloud on his title.
>
> Notably, plaintiff does not deny that the Mortgage was recorded prior to him taking title to the subject property. It has long been held that "a mortgage, from the date of its filing, is constructive notice to everyone who deals with the mortgaged premises." [citation omitted.] At the time plaintiff took title to the subject property in 2010, defendant [Bank of New York's] Mortgage from September 2006, had been part of the Recorder's records for over 3 years. As such, the plaintiff cannot make out a claim that Defendant [Bank of New York's] Mortgage is adverse to the plaintiff's title interest or that [Bank of New York's] Mortgage somehow serves as a cloud on the plaintiff's title.

{¶ 20} In *Unger*, James Unger executed a note in favor of SouthStar Funding. The note was secured by a mortgage which designated Unger and his wife as joint borrowers, SouthStar as the lender, and MERS as the mortgagee. MERS, acting as nominee for SouthStar, assigned the mortgage to a bank which in turn assigned it to Bank of New York Mellon. Subsequently, Mellon filed a foreclosure action against the Ungers. The couple filed a declaratory judgment action and complaint seeking to quiet title on the property. Asserting that the assignment to Mellon was invalid and unenforceable because it occurred after SouthStar's bankruptcy, the Ungers sought the removal of a cloud placed upon their title by the invalid mortgage assignment. The trial court granted summary judgment in favor of Mellon.

{¶ 21} On appeal, the Ungers challenged the validity of the mortgage assignment. They also asserted that because they were in possession of the property, and because Mellon claimed an adverse interest in the property through the mortgage assignment, they had the "right to challenge 'cloud' on title in a quiet title action under R.C. 5303.01 even though they [were] not a party to the alleged fraudulent mortgage assignments used to create

the 'cloud' on title." *Unger*, 2012-Ohio-1950 at ¶ 24. The Eighth Appellate District found that although the Ungers were seeking to set aside the alleged fraudulent mortgage assignment and mortgage, "they [were] unable to do so under R.C. 5303.01" because:

> The mortgage assignments transferred the right to foreclose on the Ungers' property upon default of the note, from SouthStar, to Bank of New York, to Mellon. The Ungers voluntarily signed the mortgage, and agreed to a lien on their property as security for repayment of the note. The mortgage was properly recorded[.] "A mortgage is * * * nothing more than a lien on the premises, the purpose of which is to put other lien holders on notice that there is a prior claim on the premises." The mortgage is not a "cloud" on the Ungers' title, and neither are the mortgage assignments. The Ungers are not, therefore, entitled to "quiet title" against Mellon under R.C. 5303.01.

(Internal citations omitted.) *Id.* at ¶ 37.

{¶ 22} Although appellant was not a borrower in the original mortgage between Blanton, America's Wholesale Lender, and MERS, we find the reasoning of the Eighth Appellate District in *Unger* to be persuasive and apply it to the case at bar.

{¶ 23} By the time Blanton conveyed an interest in the property to appellant via a quitclaim deed in February 2010, the trial court had already issued a decree of foreclosure. "A quitclaim deed conveys no more than whatever title the grantor held at the time of granting the deed." *Welsh v. Estate of Cavin*, 10th Dist. Franklin No. 02AP-1328, 2004-Ohio-62, ¶ 30; *Jonke v. Rubin*, 170 Ohio St. 41 (1959), paragraph one of the syllabus (the rights of a grantee under a quitclaim deed are no higher than those of his grantor at the time of the conveyance). Further, as the trial court found, at the time appellant took title to the property in 2010, the mortgage, which was recorded in September 2006, had been recorded in the official records of the Recorder's Office for over three years. Thus, the mortgage and the foreclosure resulting in the purchase of the property by Bank of New York at a sheriff's sale do not constitute an interest adverse to appellant's interest in the property. Nor do the mortgage and the mortgage assignment create a cloud on appellant's title to the property.

*Unger*, 2012-Ohio-1950 at ¶ 37.  Because appellant took title to the property subject to the mortgage, mortgage assignment, and foreclosure proceedings, such are a part of his interest in the property, as opposed to adverse to his interest in the property.  That appellant would favor a less encumbered title, or that a less encumbered title is objectively preferable, does not mean that the mortgage, mortgage assignment and foreclosure proceedings constitute a cloud on appellant's title to the property.  Appellant was, therefore, not entitled to quiet title against Bank of New York under R.C. 5303.01.

{¶ 24} In light of all of the foregoing, we find that the trial court properly granted Bank of New York's motion to dismiss appellant's complaint for declaratory relief and quiet title.

{¶ 25} Appellant's first assignment of error is overruled.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED IN HOLDING THAT RES JUDICATA AND LIS PENDENS BARRED THIS ACTION.

{¶ 28} Appellant argues the trial court erred in holding that lis pendens and res judicata barred his claims because "the judgment upon which this holding was based was a judgment obtained by fraud."  That is, because the mortgage assignment to Bank of New York was forged and thus invalid, Bank of New York had no standing to file the foreclosure action against Blanton, and the trial court's foreclosure order is void.

{¶ 29} Lis pendens, which literally translates as a "a pending lawsuit," is codified in R.C. 2703.26:

> When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency.  While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

{¶ 30} "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from

challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, ¶ 16 (8th Dist.). While the doctrine does not prevent persons from transacting an interest in the property during the pending lawsuit, it "places any such conveyed interest at risk and notifies the parties that they 'are bound' by the decree and sale thereunder." *Id.*; *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App.3d 728, 2002-Ohio-7078, ¶ 30 (1st Dist.). Thus, one who acquires an interest in the property during the pending lawsuit "takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset." *Cook v. Mozer*, 108 Ohio St. 30, 36 (1923). "The purpose of lis pendens is to protect the plaintiff's interest in the subject property." *Irwin Mtge. Corp. v. DuPee*, 197 Ohio App.3d 117, 2012-Ohio-1594, ¶ 10 (12th Dist.).[3]

{¶ 31} In Ohio, a foreclosure proceeding is considered pending through the final decree and until the interest in the property in question has been foreclosed and the property sold. *Martin, Rochford and Durr v. Lawyer's Title Ins. Corp.*, 86 Ohio App.3d 20, 22-23 (9th Dist.1993).

{¶ 32} In the case at bar, Bank of New York filed its foreclosure action against Blanton on March 25, 2008. Lis pendens attached at that time. As stated earlier, the sheriff's sale of the property was set for January 2013. When appellant acquired an interest in the property via a quitclaim deed on February 1, 2010, the appeal of the decree of foreclosure was pending and lis pendens remained in effect. Consequently, as a third-party who obtained an

---

3. In his brief, appellant notes that the trial court and Bank of New York "failed to acknowledge or distinguish" our decision in *DuPee*, "which held that the doctrine's purpose 'is to protect the plaintiff's interest in the subject property' and it 'is not a substantive right.'" It is not clear what appellant is trying to argue. If appellant is relying on *DuPee* to imply he is a plaintiff under the doctrine of lis pendens, he is mistaken. In *DuPee*, we found that a homeowner who had lost his home in foreclosure and who moved to set aside the confirmation of the sheriff's sale of his property, was neither a plaintiff nor a third-party under lis pendens. Rather, he was the defendant-debtor in the foreclosure action. As we find in our decision here, appellant is a third-party who obtained an interest in the property during the pendency of the foreclosure action. He was not the plaintiff in the pending lawsuit, i.e., the foreclosure action.

interest in the property at his peril during the pendency of the foreclosure action, appellant is bound by the trial court's foreclosure entry and the sale of the property. *See In re Seymour*, 442 B.R. 652, 658 (Bankr.S.D.Ohio 2010) (finding that notwithstanding Chapter 7 trustee's allegation that the mortgage was fatally defective, trustee, who had taken an interest in the property after debtors had filed their bankruptcy petition and while foreclosure action against debtors was pending, took subject to Countrywide's interest in the property, irrespective of the allegedly defective mortgage, and was bound by the trial court's foreclosure decree and the subsequent sale of the property); *Bates*, 2008-Ohio-2815.

{¶ 33} Appellant asserts that given our decision in *BAC Home Loans Servicing, LP v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, the trial court should have determined whether the assignment to Bank of New York was valid, and thus, the trial court erred in granting Bank of New York's motion to dismiss.

{¶ 34} In *Mapp*, Curtis Mapp executed a promissory note in favor of Countrywide Bank. The note was secured by a mortgage which designated Mapp as mortgagor, and MERS as mortgagee. Eventually, MERS assigned the mortgage and the note to BAC. On appeal, Mapp argued that BAC lacked standing to file a foreclosure action against him because Countrywide no longer existed when the mortgage was assigned to BAC. Noting that the trial court's denial of Mapp's motion to vacate a void judgment did not address Mapp's allegation that Countrywide no longer existed when MERS, acting solely as nominee for Countrywide, assigned the mortgage to BAC, we reversed and remanded the case to the trial court for a hearing to determine BAC's standing to file its foreclosure action.

{¶ 35} We find that the holding in *Mapp* does not apply in the case at bar. Mapp was the defendant-debtor in the foreclosure action. Appellant is not a defendant-debtor in the foreclosure action, but rather, is a third party who acquired an interest in the property during the pendency of the foreclosure action. In addition, as we found under the first assignment

- 11 -

of error, appellant lacked standing to bring his action as he was neither a party to, nor a third-party beneficiary of, the note, mortgage, or assignment. For similar reasons, we find that the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, does not apply here.

{¶ 36} In light of the foregoing, we find that the trial court did not err in holding that the doctrine of lis pendens barred appellant's claims.

{¶ 37} The trial court also found that res judicata barred appellant's claims as they "ar[ose] out of the same transaction or occurrence that was the subject matter of the previous action."

{¶ 38} Under res judicata, "'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999), quoting *Black's Law Dictionary* 1305 (6th Ed.1990). Res judicata precludes a party from both relitigating issues already decided by a court of competent jurisdiction or raising matters that should have been brought by the party in a prior action involving the same parties. *Estate of Williams v. Deutsche Bank Trust Co. Am.*, 8th Dist. Cuyahoga No. 90967, 2008-Ohio-3981, ¶ 24; *SunTrust Bank v. Wagshul*, 2d Dist. Montgomery No. 25567, 2013-Ohio-3931, ¶ 8. To be barred by res judicata, a new claim "must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits." *Estate of Williams* at *id.*

{¶ 39} It is undisputed that the trial court entered an order and decree of foreclosure on July 8, 2009, eventually resulting in the sale of the property (Bank of New York was the successful bidder at the sheriff's sale). There was therefore a final judgment on the merits.

{¶ 40} The property was the subject of prior proceedings in *Blanton*, 2012-Ohio-1597,

whereby Blanton, the previous owner of the property, challenged the foreclosure action filed against him by Bank of New York. According to our decision, Blanton argued that Bank of New York lacked standing to bring the foreclosure action because (1) as the listed lender in the note and mortgage, America's Wholesale Lender was the real party in interest; (2) as the nominee of America's Wholesale Lender, MERS never held any interest, and thus could not transfer any interest to Bank of New York; and (3) America's Wholesale Lender never assigned interest in the note or mortgage to either MERS or Bank of New York and a false chain of title was created. *Id.* at ¶ 4, 5, and 7. While appellant argues Bank of New York lacked standing to bring the foreclosure action because the mortgage assignment was a forgery, this is a matter that should have been brought by Blanton in his action against Bank of New York.

{¶ 41} Finally, while appellant was not a party in the *Blanton* case, we find he is in privity with Blanton. "'A person is in privity with another if he succeeds to an estate or an interest formerly held by another.'" *Diversified Fin. Servs. v. Wood*, 4th Dist. Lawrence No. 96 CA 9, 1996 WL 560487, *2 (Sept. 26, 1996), quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108 (1969), paragraph one of the syllabus.

{¶ 42} In *Wood*, Gayle Wood executed two promissory notes and a mortgage upon real estate she owned. A few years later, a federal district court granted summary judgment against Wood for the amount of the two notes. The federal court found that the real estate secured most of the judgment. Later, the notes and mortgage were assigned to Diversified, and Wood transferred the secured real estate to Kristi White. Subsequently, Diversified filed a foreclosure action against both Wood and White. Both women used a fraud defense (the same defense Wood had unsuccessfully used in her prior federal case). The trial court granted summary judgment in favor of Diversified and ordered White's real estate to be sold unless Wood satisfied the judgment within three days.

{¶ 43} On appeal, White argued summary judgment was improper because res judicata did not apply. Specifically, White asserted the prior case did not bind her because she was not a party. The Fourth Appellate District rejected White's argument: "[T]he prior case was a valid, final judgment on the merits[.] * * * Wood transferred her interest in the real estate to White, and Diversified received its interest in the notes and mortgage by assignment. Therefore, White and Diversified are in privity with parties of the prior action[.]" *Id.* at *2. The appellate court concluded that res judicata barred White from relitigating the same fraud issue. *Id.* Pursuant to *Diversified*, we find appellant is in privity with Blanton.

{¶ 44} In light of the foregoing, we find the trial court did not err in holding that the doctrine of res judicata barred appellant's claims.

{¶ 45} Appellant's second assignment of error is overruled.

{¶ 46} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.