[Cite as *Souders v. U.S. Bank Natl. Assn.*, 2023-Ohio-4709.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

CHRISTOPHER JASON SOUDERS,

      CASE NO. 14-23-15

   PLAINTIFF-APPELLANT,

   v.

U.S. BANK NATIONAL ASSOCIATION,
 AS TRUSTEE, ET AL.,

      O P I N I O N

   DEFENDANTS-APPELLEES.

Appeal from Union County Common Pleas Court
Trial Court No. 2022-CV-0210

**Judgment Affirmed**

Date of Decision: December 26, 2023

APPEARANCES:

   *Christopher Jason Souders,* **Appellant**

   *Matthew J. Richardson* **for Appellees**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Christopher J. Souders ("Souders") appeals the judgment of the Union County Court of Common Pleas, arguing that the trial court erred in granting the 12(B)(6) motion to dismiss filed by U.S. Bank National Association ("USB") and that a fraud was perpetrated on the court. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Steven Bahr ("Bahr") took out a mortgage on a residential property in Union County, Ohio. On Bahr's passing in 2016, this property transferred on death to Marla Cotton ("Cotton"). On March 12, 2020, USB filed a foreclosure action on this property. On March 10, 2021, Cotton transferred this property to her son, Souders, via a quitclaim deed. On March 9, 2022, this property was sold at a judicial sale. *See U.S. Bank National Association v. Cotton*, 3d Dist. Union No. 14-22-08, 2022-Ohio-2998, ¶ 2.

{¶3} On December 9, 2022, Souders filed a *pro se* quiet title action against USB, seeking a "declaration that * * * [he was] the 100% owner of the subject property." (Doc. 1). On January 9, 2023, USB filed a Civ.R. 12(b)(6) motion to dismiss the complaint. USB argued that, since a foreclosure action had been initiated against the property Cotton transferred to Souders, he took title subject to the outcome of that proceeding pursuant to lis pendens. USB also argued that res

judicata prevented Souders from challenging the validity of the completed foreclosure action. On March 28, 2023, the trial court granted USB's motion to dismiss.

{¶4} Souders filed his notice of appeal on April 25, 2023. On appeal, he raises the following eight assignments of error:

### First Assignment of Error

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, completely failing to apply the principles of law and equity.**

### Second Assignment of Error

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, completely ignoring Appellant's Verified Complaint.**

### Third Assignment of Error

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, completely ignoring Appellant's Preservation of Interest.**

### Fourth Assignment of Error

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, completely ignoring Appellant's demand for trial by jury.**

**Fifth Assignment of Error**

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, by improperly granting defendant's 12(B)(6) motion.**

**Sixth Assignment of Error**

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed gross error by entering judgment, dismissing Appellant's quiet Title action, denying Appellant's right to due process of law.**

**Seventh Assignment of Error**

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed plain error by entering judgment, dismissing Appellant's quiet Title action.**

**Eighth Assignment of Error**

**The Common Pleas Court of Union County, Ohio and Don W. Fraser, Judge of said Court, committed fraud on the Court.**

Because the first seven assignments of error challenge the trial court's decision to grant USB's Civ.R. 12(B)(6) motion to dismiss, we will consider these in one analysis before proceeding to the eighth assignment of error.

*First through Seventh Assignments of Error*

**{¶5}** Souders asserts that his quiet title action should not have been dismissed pursuant to Civ.R. 12(B)(6) by the trial court.

## Standard of Review

**{¶6}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Pearsall v. Guernsey*, 2017-Ohio-681, 86 N.E.3d 69, ¶ 8 (3d Dist.). For a Civ.R. 12(B)(6) dismissal to be proper, there must be no doubt that the plaintiff cannot prove a set of facts to establish the plaintiff's claim or entitle the plaintiff to relief. *Lima Refining Company v. Linde Gas North America, LLC*, 3d Dist. Allen No. 1-22-08, 2022-Ohio-2185, ¶ 9. "An appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion de novo." *Strahm v. Kagy*, 3d Dist. Allen No. 1-17-08, 2017-Ohio-4220, ¶ 7. In this process, courts must consider the allegations in the complaint as true and must construe any reasonable inferences from the complaint in favor of the nonmoving party. *Faber v. Seneca County Sheriff's Dept.*, 2018-Ohio-786, 108 N.E.3d 213, ¶ 7 (3d Dist.).

## Legal Standard

**{¶7}** The doctrine of lis pendens exists to "maintain[] the status quo of rights and interests in property involved in litigation, not only between parties thereto but as to third parties having conflicting interests, until the action pending has been finally adjudicated." *Cook v. Mozer*, 108 Ohio St. 30, 140 N.E. 590 (1923), at syllabus. In Ohio, the doctrine of lis pendens is codified in R.C. 2703.26:

> When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be

acquired by third persons in the subject of the action, as against the plaintiff's title.

R.C. 2703.26. "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.3d 937, ¶ 16 (8th Dist.).

> While the doctrine does not prevent persons from transacting an interest in the property during the pending lawsuit, it "places any such conveyed interest at risk and notifies the parties that they 'are bound by the decree and sale thereunder.'" [*Bates* at ¶ 16], quoting *Gaul v. Burks Dev. Corp.*, 8th Dist. [Cuyahoga] No. 70713[, 1997 WL 35562, *2] (Jan. 30, 1997). Thus, one who acquires an interest in the property during the pending lawsuit 'takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.' *Cook v. Mozer*, 108 Ohio St. 30, 36[, 140 N.E. 590] (1923).

*Woods Cove III, LLC v. Straight*, 10th Dist. Franklin No. 17AP-340, 2018-Ohio-2906, ¶ 18. "In Ohio, a foreclosure proceeding is considered pending through the final decree and until the interest in the property in question has been foreclosed and the property sold." *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 31.

{¶8} Further, the doctrine of res judicata exists to ensure the finality of judgments and "encompasses the two related concepts of claim preclusion * * * and issue preclusion * * *." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.3d 59, ¶ 6.

> Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. * * * Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. * * *
>
> Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ. * * *

(Citations omitted.) *Id*. at ¶ 6-7. A party is a privy of "another if he succeeds to an estate or interest formerly held by the other * * *." *Metalworking Machinery Co., Inc. v. Fabco, Inc*., 17 Ohio App.3d 91, 92, 477 N.E.2d 634, (3d Dist. 1984), quoting 32 Ohio Jurisprudence 2d 12, Judgments, Section 248 (1984).

Legal Analysis

**{¶9}** In *Buckner v. Bank of New York*, the Twelfth District Court of Appeals considered a case that is factually similar to the one presently before us. In that case, the Bank of New York sought to foreclose on a mortgage that had been executed by James Blanton ("Blanton"). *Buckner*, *supra*, at ¶ 2. During the pendency of that proceeding, Blanton transferred title to the subject property to Lorin Buckner ("Buckner") via a quitclaim deed. *Id*. at ¶ 4. Buckner filed a complaint that sought to quiet title in the property.[1] *Id*. at ¶ 5. In response, the Bank

---

[1] Blanton appealed the initial foreclosure action. *Buckner*, *supra*, at ¶ 4. After a decision was rendered by the appellate court, a sheriff's sale of the property was scheduled for January 8, 2013. *Id*. Buckner filed this complaint to quiet title on December 31, 2012. *Id*. While he filed this complaint before the sheriff's sale, his motion to dismiss was decided after the property was disposed of at the sheriff's sale. *Id*. at ¶ 8.

of New York filed a motion to dismiss. *Id*. The trial court granted this motion, finding in part that lis pendens and res judicata barred Buckner's claims. *Id*. at ¶ 8.

**{¶10}** On appeal, the Twelfth District held that, pursuant to the doctrine of lis pendens, Buckner was "a third-party who obtained an interest in the property at his peril during the pendency of the foreclosure action" and was, therefore, "bound by the trial court's foreclosure entry and the sale of the property." *Buckner*, *supra*, at ¶ 32. The Twelfth District also held that Buckner was in privity with Blanton and that the doctrine of res judicata, therefore, operated to bar any claims that could have been raised in the prior foreclosure action. *Id.* at ¶ 40-41. Finding the Twelfth District's reasoning to be persuasive, we apply the logic of the *Buckner* decision to the facts presently before us.

**{¶11}** In this case, Souders filed a quiet title action, asserting that he "is the 100% owner of the subject property." (Doc. 1). R.C. 5303.01 provides for quiet title actions and reads, in its relevant part, as follows:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest. Such action may be brought also by a person out of possession, having, or claiming to have, an interest in remainder or reversion in real property, against any person who claims to have an interest therein, adverse to him, for the purpose of determining the interests of the parties therein.

R.C. 5303.01. "Quiet title actions are generally used to remove a cloud on one's title to real property * * *." *Wilk v. Discover Bank*, 2019-Ohio-3842, 144 N.E.3d

1023, ¶ 43 (11th Dist.). However, under the legal doctrines of lis pendens and res judicata, the allegations that Souders raises in his complaint cannot establish that he currently has an interest in the property at issue.

{¶12} In his complaint, Souders's states that he initially obtained an interest in the property at issue when Cotton transferred title to him via a quitclaim deed. *See Buckner*, *supra*, at ¶ 23, quoting *Welsh v. Estate of Cavin*, 10th Dist. Franklin No. 02AP-1328, 2004-Ohio-62, ¶ 30 ("A quitclaim deed conveys no more than whatever title the grantor held at the time of granting the deed."). He then alleges that this property had been subject to a foreclosure proceeding for roughly one year by the time Cotton had transferred title to him. Souders further avers that this foreclosure proceeding concluded with a judicial sale of this property.

{¶13} These allegations establish that, pursuant to lis pendens, Souders was "a third-party who obtained an interest in the property at his peril during the pendency of the foreclosure action" and was, therefore, "bound by the trial court's foreclosure entry and the sale of the property." *Buckner*, *supra*, at ¶ 32. In other words, the complaint indicates that the interest he received from Cotton was disposed of at a judicial sale. These allegations do not establish that the title he received from Cotton gives him a current claim to an interest in the property at issue. *See Id*. at ¶ 32-36.

{¶14} Further, Souders never alleges that he had any interest in the property outside of what Cotton had conveyed to him or identifies any other interest that he

had in the property that could have survived a foreclosure proceeding. Rather, his claim to be "100% owner" of the property rests on several allegations that challenge Bahr's mortgage as being invalid and "unenforceable." (Doc. 1). In other words, he is arguing that the completed foreclosure proceeding was invalid and that the title he received from Cotton to the entire property is, therefore, still valid. Thus, his claim to an interest in the property ultimately reduces down to challenging the completed foreclosure proceeding.

{¶15} In this case, no party disputes that the Bahr's mortgage was the subject of a foreclosure action that resulted in a final judgment on the merits and a judicial sale of the property. *Buckner*, *supra*, at ¶ 39. His complaint only raises claims or issues that could have been previously addressed in the now completed foreclosure action or that would have necessarily been decided in this completed foreclosure action. *Id.* at ¶ 40-41. Further, while Souders notes that he was not a party to this prior proceeding, the allegations in his complaint establish that he was a privy of Cotton because he succeeded her in title to the property. *Id.* Thus, the doctrine of res judicata operates to bar the challenges that he raises to the completed foreclosure action. *Id.* at ¶ 40-44. *See also Estate of Williams v. Deutsche Bank Trust Co. Am.*, 8th Dist. Cuyahoga No. 90967, 2008-Ohio-3981, ¶ 26-27.

{¶16} Pursuant to the doctrine of lis pendens, the only interest that Souders alleges to have in the property at issue was disposed of through a completed foreclosure proceeding. Further, the challenges he raises to this completed

foreclosure proceeding are barred by the doctrine of res judicata. Since Souders has not pled any facts that could establish that he is entitled to the relief offered by a quiet title action, the trial court did not err in granting USB's motion to dismiss. Accordingly, his first seven assignments of error are overruled.

*Eighth Assignment of Error*

**{¶17}** Citing to Civ.R. 60(B), Souders asserts that the result of the instant proceeding constitutes a fraud perpetrated on the court.

Legal Standard

**{¶18}** "A court may grant relief under Civ.R. 60(B)(5), the so-called 'catch-all' provision, only in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment." *Roubanes Luke v. Roubanes*, 2018-Ohio-1065, 109 N.E.3d 671, ¶ 22 (10th Dist.). "Such substantial grounds exist if the moving party establishes a fraud upon the court." *Id.*

> Fraud upon the court is an 'elusive concept.' *Coulson* [*v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983)]. Nevertheless, the Ohio Supreme Court has cited one commentator's definition with approval: 'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.' *Id.*, quoting 7 Moore, Federal Practice (2d Ed. 1971) 515, ¶ 60.33.

*Mancz v. Henry*, 2d Dist. Greene No. 2022-CA-20, 2022-Ohio-3256, ¶ 26.

Legal Analysis

**{¶19}** While Souders directs our attention to Civ.R. 60(B), we note that this appeal does not arise from a motion for relief from judgment filed pursuant to that provision. But even if Souders had filed a Civ.R. 60(B) motion, he has not identified any facts that would establish that a fraud was perpetrated on the court. He only asserts that the trial court made no reference to equity in this case. Souders has not identified any legal authority to support the assertion that this alleged error could constitute a fraud upon the court in this case. *See* App.R. 12(A)(2). In the absence of such a showing, his eighth assignment of error is overruled.

*Conclusion*

**{¶20}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**