[Cite as *Simpson v. Moreland*, 2024-Ohio-1728.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DEBBIE SIMPSON, | : | CASE NO. CA2023-10-116 |
| Appellant, | : | |
| | : | O P I N I O N<br>5/6/2024 |
| - vs - | : | |
| | : | |
| NOEL MORELAND, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2023 05 1022

Debbie Simpson, pro se.

Combs, Schaefer, Ball & Little, and Nathan M. Little, for appellee, Noel Moreland.

**M. POWELL, J.**

{¶ 1}   Appellant, Debbie Simpson, appeals a decision of the Butler County Court of Common Pleas dismissing, with prejudice, her complaint against appellees, Noel Moreland and Tina Martin.

{¶ 2}   On May 17, 2023, Simpson, acting pro se, filed a complaint in the trial court against Moreland, Martin, and Legalcorp Solutions, LLC.  The complaint alleged that

Simpson owns the residential property known as 3108 Buttercup Court, Middletown, Ohio, and that Moreland owns the adjacent residential property known as 3104 Buttercup Court, Middletown, Ohio. The complaint refers to an access/driveway easement across a portion of Simpson's property benefitting Moreland's property. The complaint further alleged that Moreland claims his property line runs through the southeast corner of Simpson's property based upon a land survey of his property, and that he has threatened Simpson, "I own part of your property and if you want to move your house you can." Simpson attached to her complaint a cease-and-desist letter she posted on Moreland's front door, a copy of the duly recorded driveway easement, and a copy of the 1998 approved plat/survey depicting the driveway easement. Simpson's complaint claimed that Moreland's survey "calls into question and raises doubt about the boundaries associated with the ACCESS/DRIVEWAY EASEMENT survey of Lot 18894 [Moreland's lot]." Based upon the foregoing, Simpson sought an emergency injunction prohibiting Moreland's access and use of the driveway easement until the boundary dispute was resolved.

{¶ 3} Regarding Martin, Simpson's complaint suggested collusion or misconduct in the original creation of the driveway easement based upon the family relationships of those involved. Specifically, Simpson alleged that (1) the easement was granted by Martin Realty, Inc., executed by its president Orville Martin, and notarized by Scott Martin in the fall of 2000, (2) there is an undefined relationship between Moreland and members of the Martin family and Martin has refused to state if she has familial relations with the Martin family, and (3) Simpson "is concerned that the Martin family is connected to old money and may sway this court. Plaintiff prays this is not the case."

{¶ 4} Moreland moved to dismiss Simpson's complaint against him pursuant to Civ.R. 12(B)(6). Martin likewise filed a Civ.R. 12(B)(6) motion to dismiss Simpson's

complaint. In response to the motions, Simpson filed several pleadings. On September 20, 2023, a magistrate held a non-evidentiary hearing on Simpson's petition for an emergency injunction and Moreland's and Martin's Civ.R. 12(B)(6) motions. Simpson was acting pro se. Moreland's counsel, Martin's counsel, and Simpson presented arguments in support of and in opposition to the Civ.R. 12(B)(6) motions. On September 25, 2023, the trial court granted Moreland's and Martin's Civ.R. 12(B)(6) motions and dismissed Simpson's complaint with prejudice.

**{¶ 5}** Simpson now appeals, pro se, the dismissal of her complaint under Civ.R. 12(B)(6), raising nine assignments of error.

**{¶ 6}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 13, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). For a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

**{¶ 7}** The trial court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Ward v. Graue*, 12th Dist. Clermont No. CA2011-04-032, 2012-Ohio-760, ¶ 10. The court "cannot rely upon evidence outside of the complaint when considering a Civ.R. 12(B)(6) motion to dismiss." *Tankersley v. Ohio Fair Plan Underwriting Assn.*, 12th Dist. Clermont No. CA2018-01-003, 2018-Ohio-4386, ¶ 34. However, "[m]aterial incorporated in a complaint may be considered part of the

complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 1997-Ohio-274.  An appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion to dismiss de novo.  *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

**{¶ 8}** With these principles and standards in mind, we address Simpson's assignments of error.  For readability purposes, Simpson's seventh assignment of error will be addressed out of order; the third assignment of error will be addressed last.

**{¶ 9}** Assignment of Error No. 1:

**{¶ 10}** THE TRIAL COURT ERRED WHEN IT FAILED TO ADMINISTER EQUAL JUSTICE UNDER LAW.

**{¶ 11}** In this assignment of error, Simpson refers to the boundary dispute and "fraudulent Banking Instruments," asserts that the trial court "was not impartial to the parties in this proceeding," and ostensibly argues she was entitled to more preferential treatment because she was acting pro se.

**{¶ 12}** App.R. 16(A)(7) requires an appellate brief to include reasons in support of an assignment of error with citations to authorities, statutes, and parts of the record relied upon.  If a party fails to identify the error in the record upon which the assignment is based or argue an assignment as required by App.R. 16(A), an appellate court may disregard the assignment of error.  App.R. 12(A)(2).  An appellant bears the burden of affirmatively demonstrating error on appeal and substantiating his or her arguments in support thereof. *Ostigny v. Brubaker*, 12th Dist. Warren No. CA2023-03-026, 2024-Ohio-384, ¶ 38.  It is not an appellate court's duty to "root out" or develop an argument that can support an assigned error, even if one exists.  *Lebanon v. Ballinger*, 12th Dist. Warren No. CA2014-08-107, 2015-Ohio-3522, ¶ 27.  Nor is it the duty of an appellate court to search the record for evidence to support an appellant's argument as to alleged error.  *Hellmuth v.*

*Stephens*, 12th Dist. Butler No. CA2022-04-034, 2023-Ohio-4592, ¶ 23.

{¶ 13} Simpson does not identify the error in the trial court's dismissal of her complaint and fails to articulate how the trial court erred in dismissing her complaint under Civ.R. 12(B)(6). Simpson does not cite to the record, fails to cite any legal authority, and does not offer any analysis of the assigned error. Although Simpson is proceeding pro se, a pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. *Bowles v. Singh*, 12th Dist. Clermont No. CA99-10-094, 2000 Ohio App. LEXIS 3410, *5 (July 31, 2000).

{¶ 14} Simpson's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 7:

{¶ 16} THE TRIAL COURT ERRED WHEN IT FAILED TO RULE ON ANY OF SIMPSON'S OPEN PLEADINGS.

{¶ 17} This assignment of error simply consists of the conclusory statement above and is therefore overruled on the basis of App.R. 12 and 16. *Shamrock Restoration, L.L.C. v. Muncy*, 12th Dist. Warren No. CA2023-07-056, 2024-Ohio-1002, ¶ 19.[1]

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT SIMPSON THAT SHE COULD AMEND OR REPLEAD HER PLEADINGS.

{¶ 20} Simpson argues the trial court erred in dismissing her complaint because it did not advise her how her complaint was deficient and failed to instruct her to file an amended complaint.

{¶ 21} Simpson was acting pro se below. While she has the right to represent

---

1. The record indicates that Simpson filed a "reply" to Moreland's Civ.R. 12(B)(6) motion to dismiss, "objections" to Moreland's and Martin's Civ.R. 12(B)(6) motions to dismiss, and a motion to dismiss Moreland's and Martin's Civ.R. 12(B)(6) motions as untimely. Simpson's foregoing pleadings were implicitly overruled or rendered moot by the trial court's dismissal of her complaint under Civ.R. 12(B)(6).

herself, a pro se litigant is bound by the same rules and procedures as litigants with retained counsel. *Stiles v. Hayes*, 12th Dist. Madison No. CA2015-01-007, 2015-Ohio-4141, ¶ 18. If a court treats pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel. *Asset Acceptance LLC v. Evans*, 10th Dist. Franklin No. 04AP-36, 2004-Ohio-3382, ¶ 9. A court and the clerk of court cannot act as the pro se litigant's advisor. *Miller v. Ohio Dept. of Job & Family Servs.*, C.P. No. CV 2010 07 4690, 2011 Ohio Misc. LEXIS 25310, *15 (Nov. 3, 2011). Moreland's motion to dismiss should have put Simpson on notice that the allegations in her complaint might be insufficient to state a claim. Pro se litigants are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure. *Cat-The Rental Store v. Sparto*, 12th Dist. Clinton No. CA2001-08-024, 2002-Ohio-614, ¶ 13.

{¶ 22} To the extent the second assignment of error also challenges the trial court's failure to consider numerous pieces of evidence, including "Survey Exhibits, a Fraudulent Banking Instrument and an illegal Affidavit," such is addressed under the fifth and sixth assignments of error.

{¶ 23} Simpson's second assignment of error is overruled.

{¶ 24} Assignment of Error No. 4

{¶ 25} THE TRIAL COURT CONVEYED THE APPEARANCE OF BIAS AND PREJUDICE AGAINST A SUI JURIS LITIGANT.

{¶ 26} Simpson argues that the trial court conveyed the appearance of bias and prejudice against her because on the day of the hearing, she observed "opposing counsel(s) walk back to the bailiff and start yucking it up with the Judge's staff as if they owned the place. * * * People that come before the Court aren't afforded the same

privilege."

{¶ 27} The question of a judge's alleged bias or prejudice is not a proper subject for appellate review. *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). "A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist.1993); *Williams v. Williams*, 12th Dist. Butler No. CA96-01-015, 1996 Ohio App. LEXIS 5649, *9 (Dec. 16, 1996). Simpson's exclusive remedy if she believed the trial court was biased and prejudiced against her was to file an affidavit of bias and prejudice pursuant to R.C. 2701.03. *Williams* at *10, citing *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 471 (1956).

{¶ 28} Simpson's fourth assignment of error is overruled.

{¶ 29} Assignment of Error No. 5:

{¶ 30} THE TRIAL COURT ERRED WHEN IT REFUSED TO ACKNOWLEDGE AND TAKE COGNIZANCE OF EVIDENCE IN THE RECORD REGARDING SURVEY BOUNDARY LINES ISSUES WHICH WERE THE ISSUES THAT INITIATED THE INJUNCTION.

{¶ 31} Simpson argues the trial court erred when it failed to consider two separate land surveys of Moreland's property.[2] The first land survey was attached as an exhibit to Moreland's Civ.R. 12(B)(6) motion to dismiss; the second land survey was attached as an exhibit to an affidavit by Moreland's counsel. Although Simpson's complaint refers to a land survey Moreland had done of his property, the complaint did not incorporate a copy of the survey. While material incorporated in a complaint may be considered for purposes

---

2. Simpson also asserts that the trial court ignored her objection to Moreland's testimony during the hearing. Moreland did not testify; rather, his counsel presented argument in support of the Civ.R. 12(B)(6) motion to dismiss. Following counsel's presentation, Simpson voiced her disagreement to a statement made by counsel. We disregard this issue pursuant to App.R. 12 and 16.

of determining a Civ.R. 12(B)(6) motion to dismiss, the trial court could not rely upon evidence outside of the complaint when considering Moreland's Civ.R. 12(B)(6) motion to dismiss. *Crabtree*, 77 Ohio St.3d at 249, fn. 1; *Tankersley*, 2018-Ohio-4386 at ¶ 34.

**{¶ 32}** Simpson's fifth assignment of error is overruled.

**{¶ 33}** Assignment of Error No. 6:

**{¶ 34}** THE TRIAL COURT ERRED WHEN IT WILLFULLY IGNORED FEDERAL FRAUDULENT BANKING INSTRUMENTS THAT HAD PASSED THROUGH PRIORITY NATIONAL TITLE SERVICES COMPANY.

**{¶ 35}** This assignment of error refers to "fraudulent banking instruments and records" that were improperly ignored by the trial court and not brought to the court's attention by Martin's counsel. The assignment of error also asserts that Martin and Barbara Farrell conspired to prevent Simpson from filing a title insurance claim, and that Priority National Title Services Company created a fictitious non-notarized affidavit that was used against Simpson. Simpson's complaint simply indicates that "Martin, president and Agent for Priority National Title Services has refused to state if she has familial relations with the Martin family"; the complaint does not refer to Farrell.

**{¶ 36}** Simpson's foregoing grievances are explained in the "Backstory" section of her statements of facts in her brief. Apparently, following the boundary dispute and a foreclosure action initiated against Simpson by Wells Fargo Bank, Simpson discovered the alleged fraudulent banking documents and the alleged fictitious affidavit when she "went back and scrutinized all closing documents." However, neither these grievances nor the fraudulent banking instruments were included in her complaint against Moreland and Martin. Furthermore, Simpson does not articulate how or why the trial court erred in dismissing her complaint under Civ.R. 12(B)(6) in light of these grievances.

**{¶ 37}** Simpson's sixth assignment of error is overruled.

{¶ 38} Assignment of Error No. 8:

{¶ 39} THE LOWER COURT ERRED WHEN IT DID NOT APPLY WELL-KNOWN AFFIDAVIT CASE LAW.

{¶ 40} Simpson argues the trial court erred when it did not apply the "affidavit case law." Simpson asserts that Moreland and Martin "never contested any of [her] Affidavits. So it must be assumed her Affidavits are true."

{¶ 41} Simpson did not attach affidavits to her complaint or any of her subsequent pleadings. It appears instead that Simpson refers to her June 20, 2023 "reply" to Moreland's Civ.R. 12(B)(6) motion to dismiss, her July 17, 2023 "objection" to Moreland's and Martin's Civ.R. 12(B)(6) motions to dismiss, and possibly her August 03, 2023 motion to dismiss Moreland's and Martin's Civ.R. 12(B)(6) motions. With the exception of the documents' first page which includes a caption in compliance with Civ.R. 10(A), these filings are written in affidavit form. As was the case for her complaint, the filings are notarized. "An affidavit is a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. Though labeled as such by Simpson, the filings above are not affidavits but pleadings responding to Moreland's and Martin's Civ.R. 12(B)(6) motions to dismiss, that is, memoranda in opposition to the Civ.R. 12(B)(6) motions to dismiss. Regardless, and as we have stated, it is only Simpson's complaint that is relevant to the trial court's granting of the Civ.R. 12(B)(6) motions to dismiss. Finding no merits to Simpson's argument, her eighth assignment of error is overruled.

{¶ 42} Assignment of Error No. 9:

{¶ 43} THE TRIAL COURT ERRED WHEN IT ALLOWED DEFENDANT TINA MARTIN TO DISMISS SANCTIONS WITHOUT PREJUDICE PER CIV.R. 41(A) – THIS IS AN EGREGIOUS AFFRONT TO THE RULE OF LAW.

{¶ 44} Simpson argues the trial court erred by allowing Martin to dismiss her

motion for sanctions under Civ.R. 41(A) because Martin is not a plaintiff. This issue is not properly before us.

{¶ 45} On July 10, 2023, Martin moved to dismiss Simpson's complaint against her pursuant to Civ.R. 12(B)(6). Martin also moved for sanctions against Simpson pursuant to R.C. 2323.51. On September 25, 2023, the trial court granted Martin's Civ.R. 12(B)(6) motion, dismissing Simpson's complaint with prejudice. Simpson timely filed a notice of appeal from the trial court's September 25, 2023 decision. Subsequently, Martin moved to dismiss her motion for sanctions pursuant to Civ.R. 41(A). That motion was granted by the trial court on November 7, 2023.

{¶ 46} The trial court's entry granting Martin's Civ.R. 41(A) motion is a post-judgment order that is not within the scope of the noticed appeal pursuant to App.R. 3(D). *In re England*, 10th Dist. Franklin No. 92AP-1749, 1993 Ohio App. LEXIS 2605, *15 (May 18, 1993); *State v. Jordan*, 12th Dist. Butler No. CA2021-07-082, 2022-Ohio-563. We may only consider arguments regarding matters that are properly before us in compliance with App.R. 3(D) and 4. *Jordan* at ¶ 8. Because Simpson's ninth assignment of error concerns a judgment entry that was filed *after* the notice of appeal in this case and is not within the scope of the noticed appeal, the assignment of error is overruled.

{¶ 47} Assignment of Error No. 3:

{¶ 48} THE TRIAL COURT ERRED WHEN IT DISMISSED SIMPSON'S CLAIM WITH PREJUDICE.

{¶ 49} The determination of whether a dismissal is with or without prejudice rests within the sound discretion of the court. *Klan v. Med. Radiologists, Inc.*, 12th Dist. Warren No. CA2014-01-007, 2014-Ohio-2344, ¶ 20. "[A] dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 17,

citing *Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 51 ("An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way").

{¶ 50} Simpson's complaint alleged that boundary issues were discovered by Moreland's land survey of his property, that the land survey and Moreland's subsequent threats to Simpson he owns part of her property call into question the driveway easement in some unidentified way, and that an emergency injunction is warranted to deny and prevent Moreland from accessing the driveway easement until the boundary issues are resolved. Simpson's complaint also implied that the easement may not be valid because it was the product of family or business underhanded actions.

{¶ 51} Simpson's pro se complaint is poorly pleaded. It does not appear that she has any viable claim that the duly executed and recorded easement is invalid. Further, she does not identify in her complaint any defect in the driveway easement or allege that its use is somehow interfering with the use of her property. Nonetheless, we find that the trial court's dismissal of Simpson's complaint with prejudice is unduly harsh.

{¶ 52} As stated above, the determination of whether a dismissal is with or without prejudice rests within the trial court's discretion. An abuse of discretion is more than an error of law or judgment, it implies an attitude of the court that is unreasonable, arbitrary, or unconscionable. *Wightman v. Weade*, 12th Dist. Fayette No. CA2019-04-006, 2019-Ohio-4915, ¶ 13. The abuse of discretion standard is "heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits," because one of the tenets of Ohio jurisprudence is that "disposition of cases on their merits is favored in the law." *Jones v. Hartranft*, 78 Ohio St.3d 368, 371-372, 1997-Ohio-20; *Klan*, 2014-Ohio-

2344 at ¶ 21 (the long-standing general principle is that cases should be decided on their merits whenever possible and not upon pleading deficiencies).

{¶ 53} We accordingly find Simpson's third assignment of error to be well-taken and sustain it. Pursuant to App.R. 12(B), we hereby modify the trial court's judgment entry by modifying the dismissal from "with prejudice" to "without prejudice." As thus modified, the judgment of the trial court is hereby affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.