INDUSTRIAL COMMISSION OF OHIO v. WAGAR ET AL.,
BY ETC.

*Workmen's compensation — Benefits in case of death — Section
1465-82, General Code — Joint awards unauthorized, when.*

There cannot be a joint award of compensation from the state insurance fund, under Section 1465-82, General Code, to a wholly
dependent class and a partly dependent class.

(Decided April 20, 1921.)

ERROR: Court of Appeals for Summit county.

*Mr. John G. Price,* attorney general, and *Mr. C. G. Roetzel,* prosecuting attorney, for plaintiff in error.

*Messrs. Benner, Harter & Walker,* for defendants in error.

WASHBURN, P. J.   In the court of common pleas this case was submitted on an agreed statement of facts, which discloses that Raymond T. Wagar was killed while in the course of his employment, and under circumstances which entitle his dependents to benefits under the Workmen's Compensation Law of Ohio.

He had been married twice; the defendants in error, who are under ten years of age, are his children by his first wife, with whom said children now and for several years have lived and by whom they have been supported.

At the time of his death said Wagar had a second wife and one child by her, *who were living with and being supported by him.*

After his death, the second wife and child applied to the Industrial Commission for an award, as did also defendants in error, his children by the first marriage.

The commission exercised jurisdiction in the matter and found that the dependents of Wagar, under the Workmen's Compensation Law, were the second wife and child, and made the full award authorized by the law to them, finding said wife and child wholly dependent upon him and the children by the first marriage not dependents under the circumstances and within the meaning of the law.

The children by the first marriage thereupon filed their appeal in the common pleas court of Summit county, where Wagar lived, was injured and died, making only the Industrial Commission a party defendant.

The Industrial Commission answered, setting forth that it considered the claims of all the parties, and upon due consideration found and determined that the second wife and child "were wholly dependent upon the deceased for their support, and awarded them compensation in the maximum amount authorized by the Workmen's Compensation Law," and that it had paid a part of said award in a lump sum and was paying the balance in weekly payments according to law. It asked that the petition below be dismissed.

The trial court did not dismiss the appeal, and upon trial, a jury being waived, awarded judgment against the Industrial Commission in favor of the children of the first wife, for $2,496 and costs, including in said costs $750 as attorney fees.

Of course the awarding of this lump sum judgment was not authorized by law, but that error might possibly be corrected by this court. *Roma* v. *Industrial Commission,* 97 Ohio St., 247.

For aught that appeared in the appeal and the petition of defendants in error, the appeal was regular, but when the case was submitted to the court below it appeared by the agreed facts that other claimants had been found to be wholly dependent and had been awarded the maximum benefits allowed by law, and that the Industrial Commission "at the same time disallowed the claim" of defendants in error.

We do not think the record presents the question of the right of the defendants in error to appeal, but it does present the question of whether or not the judgment rendered by the common pleas court was contrary to law, and that is one of the claimed errors.

Section 1465-82, General Code, provides in death cases for two classes of dependents: those *wholly* dependent and those *partly* dependent.

If the only dependents are those who are *wholly* dependent, such as a widow or child under sixteen years of age, "living at the time of the death" with the parent whose death is the basis of the claim, the amount of the award is fixed by statute and the Industrial Commission has no discretion in the matter.

"If the deceased employe left a widow who was living with him at the time of his death, the board must find that she was wholly dependent upon her deceased husband and must make a certain award of compensation to her. The questions of depend-

ency and amount of award in such case are both determined absolutely by the statute. The board can only act formally and must so act."

The above is a quotation from the opinion of the supreme court in a case decided in 1915, (*State, ex rel. Munding., Admr.,* v. *Industrial Commission,* 92 Ohio St., 434, at page 440), and the syllabus of that case is as follows:

"An award of compensation from the state insurance fund, under Section 35 of the workmen's compensation act (103 O. L., 72), to a wholly dependent person *vests* in the dependent when the award is made; so that, in case of the death of such dependent, his or her personal representative is entitled to the balance, if any, remaining unpaid."

If the only dependents are those who are described in the statute as "partly dependent," then within certain limits the Industrial Commission fixes the amount of the award, but the limitations are such that the award under such circumstances is much less than the award fixed by statute where there are those who are wholly dependent, and the award thus fixed by the Industrial Commission is probably subject to the power of the Industrial Commission to modify and change the same under Section 1465-86, General Code.

We hold that it follows from the construction placed upon Section 1465-82 by the supreme court, in *Munding* v. *Industrial Commission, supra,* that there cannot be a joint award under Section 1465-82 to a wholly dependent class and a partly dependent class.

They are totally different awards; they cannot be in the same amount, and one is definitely fixed

by statute, while the other is fixed by the commission; one vests at the time of the award and the other is probably subject to modification and change by the commission. If there is present a wholly dependent class its members are entitled to the award fixed by statute, and the commission "can only act formally and must so act," having the right, of course, under Section 1465-83, to order that the benefits awarded be paid to such one or more of the dependents as may be determined by the commission, which may apportion the benefits among the dependents in such manner as it may deem just and equitable.

In this case such award was made, and it was the maximum amount allowed by law, hence there was no fund for those who would have been partly dependent if there had been none who were wholly dependent, and the board having done that which the law clearly directed it should do, its award should stand. It follows as a matter of course that the judgment rendered in this case was contrary to law, and the case having been submitted upon an agreed statement of facts a final judgment will here be entered in favor of the Industrial Commission.

*Judgment reversed and final judgment for plaintiff in error.*

VICKERY and INGERSOLL, JJ., concur.