[Cite as *Abdulhakov v. Panzeca*, 2026-Ohio-397.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| BAHODIR ABDULHAKOV, | : | | CASE NO. CA2025-07-050 |
| Appellant, | : | | |
| | : | | OPINION AND |
| vs. | : | | JUDGMENT ENTRY<br>2/9/2026 |
| CHELSEA PANZECA, | : | | |
| Appellee. | : | | |
| | : | | |

CIVIL APPEAL FROM MASON MUNICIPAL COURT
Case No. CVI2500347

Bahodir Abdulhakov, pro se.

Chelsea J. Panzeca, pro se.

# **O P I N I O N**

**HENDRICKSON, J.**

{¶ 1}  Appellant, Bahodir Abdulhakov, appeals from a decision of the Mason Municipal Court dismissing his claim against appellee, Chelsea Panzeca, for want of prosecution. For the reasons discussed below, we reverse the municipal court's decision

and remand the matter for further proceedings.[1]

{¶ 2} This case arises out of a fee dispute. Abdulhakov was facing misdemeanor criminal trespassing charges in Mason Municipal Court and sought to retain an attorney to represent him. Abdulhakov retained the law firm Bleile & Dawson. On February 23, 2024, he signed a "Fee Agreement" with the law firm, and he paid the firm a $1,500 retainer. Panzeca, an associate at Bleile & Dawson, is the attorney Abdulhakov spoke with about representation. Panzeca entered a Notice of Appearance in Abdulhakov's criminal case on February 26, 2024. On March 21, 2024, Panzeca filed a motion to continue a pretrial hearing in the misdemeanor case as well as a request that the matter be set for a bench trial. On April 2, 2024, Panzeca moved to withdraw as Abdulhakov's counsel, noting that Abdulhakov had retained a different attorney to represent him on the misdemeanor charge. Panzeca's motion was granted the next day. Ultimately, the criminal case against Abdulhakov was dismissed on October 22, 2024.

{¶ 3} On March 26, 2025, Abdulhakov filed a complaint in the municipal court's small claims division against Panzeca, seeking $1,500 in damages plus interest and costs. Abdulhakov's complaint alleged

> [m]isappropriation/conversion of the client's funds; failure to return unearned client fees; dishonest conduct via continuing representation of the client after being dismissed, by means of submission of unauthorized documents, to justify conversion of unearned fees.

{¶ 4} The matter was scheduled for trial on May 23, 2025. On May 14, 2025, attorney Adam Boyd Bleile of Bleile & Dawson filed an appearance as the attorney of record for Panzeca, and he moved for a continuance of the trial due to a scheduling

---

1. We note that Panzeca did not file an appellate brief for our consideration in this matter. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

conflict. The municipal court granted a continuance and rescheduled the matter for June 6, 2025.

{¶ 5} On June 6, 2025, the matter came before a magistrate. Abdulhakov testified on his own behalf and introduced various exhibits into evidence which he asserted proved that Panzeca committed conversion and unjustly enriched herself by failing to return unearned legal fees. The exhibits included the Fee Agreement he signed to retain Bleile & Dawson, a receipt showing payment of the $1,500 retainer to Bleile & Dawson, an email exchange between himself and the office manager at Bleile & Dawson, filings Panzeca made in his criminal case (her notice of appearance, motion for a continuance and request for a bench trial, and her motion to withdraw as counsel), and a letter from Bleile & Dawson's office manager advising that Abdulhakov's criminal case had been set for a bench trial. Abdulhakov was cross-examined by Panzeca's attorney, whose questions focused on the fact that the fee agreement Abdulhakov entered into was with Bleile & Dawson, not Panzeca, and that the retainer had been paid to Bleile & Dawson, not Panzeca.

{¶ 6} After listening to cross-examination, the magistrate stated that "an interesting question [has] arose as to whether we've got the right defendant." The magistrate initially indicated it was inclined to grant Abdulhakov 14 days to amend his complaint to name Bleile & Dawson as a defendant. However, after Panzeca's attorney made an oral motion to dismiss the case, the magistrate indicated it was going to dismiss the case against Panzeca but permit appellant to file a new complaint against Bleile & Dawson.

{¶ 7} Notably, no written decision by the magistrate was ever filed or docketed in the case. Instead, on June 10, 2025, the municipal court judge filed an Entry of Dismissal with Prejudice, stating in the body of the entry that "[p]ursuant to Mason Municipal Court

- 3 -

Local Rules, Article IX, Section 8.14, this case is hereby dismissed with prejudice for want of prosecution." Article IX of the Mason Municipal Court Local Rules does not contain a Section 8.14. Rather, Section 8.14 is found under Article VIII. This Rule provides as follows:

> Section 8.14. INACTIVE CASES. In cases involving failure of service or evidence of default, when no action has been taken by the appearing party for a three (3) month period, and if the case is not set for trial, then the clerk shall notify the party that the case will be dismissed within twenty-one (21) days unless good cause for further delay is shown.

{¶ 8} Three days later, Abdulhakov filed a "Combined Objection & Motion to Vacate Dismissal and Leave to File Amended Complaint." The municipal court issued an Entry on June 25, 2025, stating the court "construes Plaintiff's filing as an Objection to the *Magistrate's Decision* entered on June 10, 2025." (Emphasis in original.) The court indicated that Abdulhakov's objection was not in compliance with Civ.R. 53(D)(3)(b)(iii) as he had failed to file a transcript of the proceedings before the magistrate. The court indicated Abdulhakov had 30 days to file the transcript or his objections would be overruled.[2] The municipal court then scheduled a motion hearing for August 8, 2025.

{¶ 9} However, prior to that motion hearing, on July 1, 2026, Abdulhakov appealed the municipal court's June 10, 2025 Entry of Dismissal with Prejudice. He raised four assignments of error for review. As the resolution of Abdulhakov's third assignment of error is dispositive of the appeal, we begin our analysis there.

{¶ 10} Assignment of Error No. 3:

---

2. It is unclear why the municipal court indicated it was treating Abdulhakov's "Combined Objection & Motion to Vacate Dismissal and Leave to File Amended Complaint" as an objection to a magistrate's decision when no magistrate's decision was ever issued or docketed. "It is well settled that 'a court speaks only through its journal entries.'" *Duff v. Centrome, Inc.*, 2023-Ohio-1321, ¶ 35, quoting *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 2015-Ohio-1101, ¶ 29. The statements of the magistrate at the June 6, 2025 hearing do not constitute a magistrate's decision. Additionally, the June 10, 2025 entry of dismissal was a final appealable order.

{¶ 11} THE TRIAL COURT'S DISMISSAL WITH PREJUDICE CONSTITUTED AN EXTREME AND IMPROPER SANCTION.

{¶ 12} In his third assignment of error, Abdulhakov argues that the municipal court erred by dismissing his case with prejudice as he was "diligently pursuing his claim, had appeared for the hearing prepared to argue the merits, and the alleged defect [of not including Bleile & Dawson as a defendant] was, at worst, a curable pleading issue[.]"

{¶ 13} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91 (1982). *See also Mid-Ohio Liquid Fertilizers, Inc. v. Lowe*, 14 Ohio App. 36, 38 (12th Dist. 1984). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Maloney v. Maloney*, 2016-Ohio-7837, ¶ 14 (12th Dist.). "A decision is 'unreasonable' when there is no sound reasoning process to support it." *Vaughn v. Vaughn*, 2007-Ohio-6569, ¶ 12 (12th Dist.). "'An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard.'" *Dickenson v. Jackson*, 2024-Ohio-1236, ¶ 19 (12th Dist.), quoting *Crawford v. Fisher*, 2015-Ohio-114, ¶ 5 (10th Dist.). "An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness." *Schaible v. Schaible*, 2025-Ohio-1404, ¶ 9 (12th Dist.).

{¶ 14} We find that the municipal court's dismissal of Abdulhakov's case for want of prosecution was both arbitrary and unreasonable. As Abdulhakov appeared before a magistrate and presented evidence on behalf of his complaint against Panzeca, it cannot be said that he "failed to prosecute" said claim. Additionally, the authority cited by the municipal court in support of dismissal—Section 8.14 of the Mason Municipal Court Local Rules—is inapplicable. The local rule applies in cases of failure of service, evidence of default or when no action has been taken by the filing party for three months. None of

those circumstances apply in the present case. It was therefore arbitrary and unreasonable for the municipal court to dismiss Abdulhakov's case for want of prosecution under Section 8.14 of its Local Rules. Abdulhakov's third assignment of error is sustained. The municipal court's June 10, 2025 Entry of Dismissal with Prejudice is reversed and the matter remanded for further proceedings.

{¶ 15} In remanding the matter, we make no findings as to the merits of Abdulhakov's complaint or his request for leave to file an amended complaint to add the law firm Bleile & Dawson as a defendant to the action. Such issues remain pending before the municipal court and shall be decided on remand.

{¶ 16} Given our resolution of Abdulhakov's third assignment of error, we find his remaining three assignments of error, which seek to challenge various oral statements made by the magistrate at the June 6, 2025 hearing, rendered moot. See App.R. 12(A)(1)(c).

{¶ 17} Judgment reversed and remanded.

BYRNE, P.J. and M. POWELL, J., concur.

- 7 -

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and the matter remanded.

It is further ordered that a mandate be sent to the Mason Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

Robert A. Hendrickson, Judge

Mike Powell, Judge